[Civil No. 1871.   Filed March 5, 1921.]

[196 Pac. 164.]

## VERDE TUNNEL & SMELTER RAILWAY COMPANY, a Corporation, and KANSAS CITY STRUCTURAL STEEL COMPANY, a Corporation, Appellants, v. SAM STEVENSON, Appellee.

1. MASTER AND SERVANT—OWNER OF LOCOMOTIVE DERRICK AND COMPANY MOVING TRAIN ATTACHED NOT JOINT TORT-FEASORS IN INJURING WORKMAN.—A steel company, whose locomotive derrick was coupled to the train of a railway company to be moved, and such railway company, were not joint tort-feasors in injuring plaintiff, an employee of the steel company, directed by his boss to go under the locomotive derrick to disconnect gears, the derrick then suddenly moving on account of the negligence of employees of the railway company in control of the train.

2. MASTER AND SERVANT—OWNER OF LOCOMOTIVE DERRICK COUPLED TO CARS OF RAILROAD HELD NOT NEGLIGENT AS TO WORKMAN INJURED SO AS TO RENDER OWNER AND RAILROAD JOINT TORT-FEASOR.—A steel company, whose locomotive derrick was coupled to the train of a railway company to be moved, was not negligent in ordering its employee to go under the derrick to change gears, when the derrick suddenly moved to his injury, to render such

steel company a joint tort-feasor with the railway company whose negligence caused the movement of the train.

3. MASTER AND SERVANT—NEGLIGENCE ALLEGED BASIS OF RECOVERY.— In a servant's action for injuries against his employing company and another, plaintiff must recover, if at all, on the grounds of negligence alleged in his petition; and, having alleged that defendants suddenly and negligently moved a train of cars to his injury, he cannot recover on proof of negligence of his employer in directing him to go under such train to change gears of its locomotive derrick, coupled thereto.

4. MASTER AND SERVANT—JOINT LIABILITY JURY QUESTION.—In an action against a steel company and a railway company for injuries to the steel company's employee under its locomotive derrick to change gears, whether or not defendants co-operated in the doing of an illegal act, and were together jointly liable to plaintiff for negligence, *held* a question for the jury, which was at liberty to find in favor of one and against the other, or for or against both.

5. NEGLIGENCE—NO PRESUMPTION FROM MERE FACT OF INJURY.—The mere fact that an injury has been sustained by plaintiff will not give rise to a presumption the injury was due to the negligence of one who is made defendant to the action based thereon.

6. RAILROADS—EVIDENCE HELD TO MAKE PRIMA FACIE CASE IN FAVOR OF EMPLOYEE INJURED UNDER DERRICK ATTACHED TO TRAIN.—In an action by the employee of a steel company against such company and a railway company for injuries when a locomotive derrick of his employer coupled to defendant railway company's train moved to his injury, he being under it to change gears, evidence *held* to make out a *prima facie* case of negligence in plaintiff's favor as against defendant railway company.

7. DAMAGES—VERDICT OF $20,000 FOR CRUSHED HAND, NECESSITATING AMPUTATION OF HAND AND PART OF ARM, EXCESSIVE BY $7,500.— Verdict of $20,000 against defendant railway company in favor of one who, through defendant's negligence, had his left hand caught in gears of a locomotive derrick, and so badly crushed and mangled it became necessary to amputate the hand and a portion of the left arm, was excessive by $7,500, and should be reduced to $12,500.

3. On sufficiency of general allegations of negligence, see note in 59 L. R. A. 209.

Right to recover upon acts of negligence not pleaded, note, **Ann. Cas.** 1912A, 641.

7. On excessiveness of verdicts in actions for personal injuries other than death, see notes in 16 Ann. Cas. 8; Ann. Cas. 1913A, 1361; Ann. Cas. 1915D, 488; Ann. Cas. 1916C, 916; L. R. A. 1915F, 30.

APPEAL from a judgment of the Superior Court of the County of Yavapai. John J. Sweeney, Judge. Judgment reversed as to appellant Kansas City Structural Steel Company and action dismissed. As to appellant Verde Tunnel & Smelter Railway Company, judgment ordered for appellee, conditioned on *remittitur;* otherwise judgment reversed and new trial ordered.

### STATEMENT OF FACTS.

This is an appeal brought by the defendants Kansas City Structural Steel Company, a corporation, and Verde Tunnel & Smelter Railway Company, a corporation, to review a judgment of the superior court of Yavapai county, awarding damages to the plaintiff, Sam Stevenson, for injuries received by him on the fifteenth day of November, 1918. The complaint sets forth the cause of action in the following manner:

"That on, to wit, the fifteenth day of November, A. D. 1918, the plaintiff was employed by the defendant Kansas City Structural Steel Company, and on the day aforesaid was particularly engaged by the said defendant in and about a certain derrick or locomotive crane in and about attaching said derrick or locomotive crane to another locomotive or train of cars of the said defendant Verde Tunnel & Smelter Railway Company, then and there in charge of servants of said defendant Verde Tunnel & Smelter Railway Company, and by said defendants employed, or about to be employed, in moving said derrick or locomotive crane from a certain place in said county of Yavapai aforesaid, to wit, Hopewell tunnel, to another certain place in said county of Yavapai aforesaid, to wit, Clarkdale. That the plaintiff aforesaid, under orders received by him from the said Kansas City Structural Steel Company, upon the assurance of the servants of the defendants that it was safe for him, the plaintiff, to go underneath said derrick or locomotive crane, went under said derrick or loco-

motive crane, as aforesaid, to wit, underneath the same, and while so engaged in adjusting said gears or meshes of said derrick or locomotive crane, as aforesaid, the defendants, having knowledge of the position of the plaintiff underneath said derrick or locomotive crane, without notice or warning to the plaintiff, and while the plaintiff was in the exercise of due care for his own safety, suddenly, negligently, and without warning moved, or permitted to move, said locomotive or train of cars, to which said derrick or locomotive crane then and there had become attached, and by reason of which the plaintiff's left hand and arm were caught in said gears or meshes of said derrick or locomotive crane, as aforesaid, crushing and mutilating the same. That by reason of said crushing and mutilation, as aforesaid, it became necessary to amputate, and the plaintiff's left hand and arm were amputated.''

The material facts of the case are these: The plaintiff was employed by the defendant Kansas City Structural Steel Company, which company had been doing some work at Hopewell tunnel, near Clarkdale, Yavapai county, Arizona. The steel company desired to move a locomotive derrick and two flat cars thereto attached, which it owned and used in the progress of its work, from Hopewell tunnel to Clarkdale, for which purpose the locomotive derrick was brought down from a side-track under its own power to, and was coupled on to, a train of cars belonging to the defendant Verde Tunnel & Smelter Railway Company, which runs from Hopewell tunnel to Clarkdale. The train, at the time the locomotive derrick was coupled to it, was standing still on the main track of the defendant Verde Tunnel & Smelter Railway Company, and the train consisted of some seventeen flat cars and engine. The grade of the track where the train was standing was about three and one-half or four per cent. After the two flat cars and the locomotive derrick were "kicked" into the train, the air hose

between the train and the two flat cars was coupled by the employees of the defendant Verde Tunnel & Smelter Railway Company, so that the two flat cars had the benefit of the air hose. The air hose, however, was not connected with the locomotive derrick. The two flat cars were furnished with hand brakes, and these hand brakes were set by the employees of the steel company. The evidence shows that the hand brakes on the flat cars were of sufficient strength to hold the two flat cars and the locomotive derrick, under ordinary circumstances, and without the application of force from some outside source. Upon the assurance of the conductor of the train that the locomotive derrick and two flat cars were safely connected to the train, the plaintiff was directed by his "boss" or superior employee of the steel company, to go under the locomotive derrick and disconnect the gears or meshes, so that the locomotive derrick would move along the track when pulled by the train as an ordinary flat car. While he was engaged in the work of disconnecting the gears, the locomotive derrick suddenly moved a distance of some seventeen feet, and the plaintiff's left hand was caught in the gears and so badly crushed and mangled that it became necessary to amputate his hand and a portion of his left arm. The air was heard to escape from the air hose on the two flat cars, and immediately the locomotive derrick moved forward. The train of cars was under the exclusive control and management of the employees of the Verde Tunnel & Smelter Railway Company. The Steel Company had no control or part in the management of the train.

Mr. Le Roy Anderson and Messrs. Norris & Norris, for Appellants.

Mr. F. C. Struckmeyer and Mr. R. B. Westervelt, for Appellee.

BAKER, J. (After Stating the Facts as Above.)—
Upon the trial of this case in the court below the jury
found both defendants, Kansas City Structural Steel
Company and Verde Tunnel & Smelter Railway Com-
pany, guilty, and assessed the damages at $20,000
in tort.   The defendant Kansas City Structural Steel
Company contends that the verdict against that com-
pany is not supported by any evidence; that there was
no cause of action proven as against that company.
On the other, hand, it is contended by the plaintiff
that the defendant Kansas City Structural Steel
Company is jointly liable with the defendant Verde
Tunnel & Smelter Railway Company, upon the theory
that the defendants were joint tort-feasors.

In order that tort-feasors may be liable jointly, it
has been said that—

"There must be some sort of community in the
wrongdoing, and the injury must be in some way due
to their joint work, but it is not necessary that they
be acting together or in concert if their concurring
negligence occasions the injury." *Strauhal* v. *Asiatic
Steamship Co.*, 48 Or. 100, 85 Pac. 230.

In the instant case it is difficult to discover any-
thing in any way, omission, or commission, con-
stituting negligence on the part of the defendant Kan-
sas City Structural Steel Company.   Unquestionably
the proximate cause of the plaintiff's injuries was
the movement of the locomotive derrick.   The derrick
was securely coupled with the train of cars, and
therefore it is evident that the train of cars moved.
The undisputed evidence is that the train of cars
was under the exclusive and sole control of the
defendant Verde Tunnel & Smelter Railway Com-
pany.   There is an entire absence of any evidence
tending to show that the defendant Kansas City
Structural Steel Company was in any way or manner
connected with the movement of the train.   We do

not see how it can be said that there was "some sort of community in the wrongdoing" between the defendants, whereby the plaintiff was injured.

But it is contended by the plaintiff that it was negligence on the part of the defendant Kansas City Structural Steel Company to order the plaintiff to go under the locomotive derrick and change the gears, that being an unsafe place in which to work, and that this negligence, on the part of the defendant Kansas City Structural Steel Company, concurred with the negligence of the defendant Verde Tunnel & Smelter Railway Company in moving or permitting the train to be moved, and that the combined negligence resulted in the plaintiff's injuries. We do not think that the evidence shows that the defendant Kansas City Structural Steel Company was guilty of any negligence in failing to provide a safe place in which the plaintiff was required to work. The company omitted no duty in that regard. When the plaintiff was required to go under the derrick and disconnect the gears the place was safe. It afterwards became unsafe, through no fault of the Kansas City Structural Steel Company, and by reason of an accident for which that company was in no way responsible and which it could not reasonably foresee would likely take place or occur. But aside from that question, the failure to provide a safe place in which plaintiff was required to work is not the negligence charged in the complaint. It will be noticed that the complaint charges that—

"The defendants . . . suddenly, negligently, and without warning moved, or permitted to move, said locomotive or train of cars to which said derrick or locomotive crane then and there had become attached."

The law is well settled that in actions of this kind the plaintiff must recover, if at all, upon the grounds

of negligence alleged in his petition.    20 R. C. L., Neg., § 146; *Greco* v. *Western States Portland Cement Co.,* 84 Kan. 110, Ann. Cas. 1912A, 638, and numerous cases cited in the note, 113 Pac. 410.

Of course, whether or not the defendants co-operated in the doing of an illegal act and were together jointly liable for negligence was a matter for the jury, and the jury was at liberty to find in favor of one and against the other, or for or against both. In this case the verdict was against both, but as the evidence, in our opinion, did not tend in any way to show any concert of action in the wrongdoing, or negligence on the part of the defendant Kansas City Structural Steel Company, the verdict as to that company is without any support in the evidence, and that company must be acquitted of all liability.

Having reached the conclusion that the defendant Kansas City Structural Steel Company is not liable, the question arises whether the judgment can be sustained as to the defendant Verde Tunnel & Smelter Railway Company.

The law undoubtedly is that the mere fact—

"that an injury has been sustained will not give rise to a presumption that the injury is due to the negligence of one who is made defendant to an action based thereon. If the evidence does not show any negligence on the part of the defendant, there can be no recovery, no matter how free from negligence the facts show the plaintiff to be. The evidence must point to the fact that the defendant was guilty of negligence." 20 R. C. L. (Neg.), § 155. *Patton* v. *Texas etc. R. Co.,* 179 U. S. 658, 45 L. Ed. 361, 21 Sup. Ct. Rep. 275 (see, also, Rose's U. S. Notes).

But as we said in *Arizona Binghampton Copper Co.* v. *Dickson, ante,* p. 163, 195 Pac. 538:

"The law is not so exacting as to require every fact and circumstance going to make up a case of

negligence, or to identify the proximate cause, to be proved by eyewitnesses or positive, direct testimony.''

In *St. Louis & S. F. R. Co.* v. *Rushing,* 31 Okl. 231, 120 Pac. 973, it is said:

"A plaintiff in a civil cause is not required to prove his case beyond a doubt. All that the plaintiff upon this branch of his case is required to do is to make it appear to be more probable that the injury came in whole or in part from the defendant's negligence than from any other cause.''

In Shearman & Redfield on Negligence, section 59, it is said:

"When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care.''

Applying these principles, we think the plaintiff by his proofs made out a *prima facie* case of negligence as against the defendant Verde Tunnel & Smelter Railway Company. The plaintiff was lawfully under the derrick, and it was the duty of the defendant to use reasonable care to avoid injuring him. The train was in the exclusive charge and control of the crew of the defendant. Immediately on the escape of the air out of the end of the hose on the two flat cars in front of the derrick, the derrick moved forward some seventeen feet, and the plaintiff's hand was caught in the gears and crushed and mangled. The hand brakes on the two flat cars in front of the locomotive derrick were set at the time of the accident, and the evidence shows that these hand brakes were of sufficient strength to hold the flat cars and locomotive derrick under ordinary circumstances, in the absence of the application of force from some outside source. As

the derrick was coupled to the train, we think it a reasonable inference, and the jury must have so found, that the derrick could not have moved forward a distance of seventeen feet independent of the train. The train at the time of the accident was standing on a grade. All of these conditions were shown to exist, and they were such as to justify the inference by the jury that the accident was due to the defendant's negligence, in the absence of any explanation by the defendant or showing that it was not negligent. Such a thing as the movement of a train, under the proven facts, does not happen in the ordinary course of events, unless there is some negligence in its management, or defect in its equipment. The plaintiff was not under the necessity of showing the particular negligence that caused the movement of the train in order to carry the case to the jury. *Colorado Springs & Interurban Ry. Co.* v. *Reese* (Colo.), 169 Pac. 572. As said in *Cook* v. *Newhall,* 213 Mass. 392, 395, 101 N. E. 72, 73 :

"The whole body of the evidence may be such that no particular negligence can be found, and yet the accident may indicate some negligence, the details of which cannot be ascertained."

See *Cassady* v. *Old Colony Street Ry.,* 184 Mass. 156, 63 L. R. A. 285; 68 N. E. 10; *James* v. *Boston Elev. Ry.,* 204 Mass. 158, 90 N. E. 513.

In *Rosenfield et al.* v. *Arrol,* 44 Minn. 395, 20 Am. St. Rep. 584, 46 N. W. 768, it is said:

"Negligence, which is the want or absence of ordinary care, is the gist of the action, and the burden was upon the plaintiffs to prove facts from which it could fairly be inferred that the defendant's negligence was the proximate cause of the injury. The evidence need not be direct and positive. The fact of negligence in any given case is susceptible of proof by evidence of circumstances bearing more or less directly upon the fact. The plaintiffs were not bound

to prove more than enough to raise a fair presumption of negligence on the part of the defendant, and of resulting injury to themselves. Having done this, they were entitled to recover, unless the defendant produced evidence sufficient to rebut this presumption. 1 Shearman & Redfield on Negligence, §§ 57, 58, and cases cited.''

The plaintiff having made out a *prima facie* case of negligence, it became incumbent upon defendant to offer evidence to rebut it, and to exculpate itself from the charge of negligence. This the defendant failed to do, and we cannot interfere with the verdict of the jury who must necessarily have found that the plaintiff's evidence raised a presumption of negligence on the part of the defendant.

We have considered the remaining questions presented by the assignments of error, but we do not think they are of sufficient importance to affect the result of the trial, except as to the assignment that the verdict is excessive. We are of the opinion that this assignment is good and should be sustained. We think that the verdict of $20,000 should be reduced to $12,500.

As to the defendant Kansas City Structural Steel Company, the judgment is reversed and the action is dismissed. As to the defendant Verde Tunnel & Smelter Railway Company, it is ordered that, should the plaintiff elect to file a *remittitur* in this court within twenty days hereafter in the amount of $7,500, judgment shall be entered in this court in favor of the plaintiff and against the defendant Verde Tunnel & Smelter Railway Company, and the sureties upon the bond on appeal for the remainder of the judgment appealed from, to wit, $12,500, with cost in the trial court and this court; otherwise let the judgment be reversed and the cause remanded for a new trial.

ROSS, C. J., and McALISTER, J., concur.