429 P.2d 662

Roy HARMON and Doris Harmon, husband and wife, and father and mother of Peggy Joyce Harmon, Deceased, and Trudy Jean Harmon, an infant by Roy Harmon, her next friend, Appellants,

v.

La Verne R. SZRAMA and Ted A. Byer, as Administrator of the Estate of Ignatius S. Szrama, Jr., Deceased, Appellees.

No. 8569.

Supreme Court of Arizona,
In Banc.

July 7, 1967.

Alan Philip Bayham, Phoenix, for appellants.

Tupper, Skeens, Rapp & Morris, by Gerald D. Tupper, Phoenix, for appellees.

LOCKWOOD, Justice:

Appellants Roy Harmon and Doris Harmon, husband and wife, and parents of Trudy Jean and Peggy Joyce Harmon, were the plaintiffs below. They brought a civil action against the defendants La Verne R. Szrama and the administrator of the estate of her deceased husband, Ignatius S. Szrama, Jr. who are appellees here. The basis of their complaint is that on June 19, 1962 the deceased Szrama entered the plaintiffs' home, shot and wounded the plaintiff Doris Harmon and Trudy Jean, and shot and killed Peggy Joyce Harmon. Later the same night, Szrama killed himself.

Plaintiffs claimed that the wrongful shooting of the three Harmons was a direct and proximate result of the conduct not only of Ignatius Szrama, Jr. but also of his wife, La Verne Szrama, who induced her husband's action in shooting and wounding one and killing the other of the Harmon children and in wounding Doris Harmon, because of certain incidents which occurred two years before the shooting. These incidents involved a family fight between La Verne and Ignatius Szrama, as a consequence of which La Verne took refuge in the Harmon home and the plaintiff Doris acquiesced in La Verne Szrama's staying in and using the home as a refuge to protect her from her husband Ignatius. Plaintiffs claim that the defendant La Verne Szrama knew that her husband was a vengeful person and would harbor a grudge for years. For these reasons plaintiffs claim that La Verne Szrama's conduct was also a proximate cause of Ignatius' conduct which resulted in the death of Peggy Joyce Harmon, and the wounding of the

plaintiff Doris Harmon and the other child, Trudy Jean Harmon.

The Superior Court, after examining the pleadings and deposition then on file, on July 3, 1964 granted defendant La Verne Szrama's motion for summary judgment, and dismissed the plaintiffs' complaint as to La Verne for failure to state a cause of action against her.

The plaintiffs' sole contention on appeal is that it was error for the Superior Court to grant the motion for summary judgment, since material issues of fact were raised by plaintiffs' affidavit controverting the motion, which would necessitate determination by the trier of fact.

The complaint was in the nature of a tort claim, for damages for the killing of one child, and wounding of the other child and the mother. The injuries suffered by the plaintiffs thereby were alleged to be the proximate result of the defendant La Verne's conduct in "bringing plaintiff Doris Harmon, her home and family into the Szrama family fight and subjecting them to the vengeance of Ignatius Szrama, Jr."

Plaintiffs' affidavit in opposition to the motion for summary judgment, in addition to the allegation of the complaint, claimed that the defendant negligently incited her husband against the Harmon household, and led him to believe that they were responsible for the deceased losing his children because of neglect.

■ From the examination of the plaintiffs' affidavit it is clear that it failed to meet the requirements of Rule 56 (e), Rules of Civil Procedure, 16 A.R.S., as amended, as to the form and substance of affidavits used to oppose a motion for summary judgment. This rule reads in part:

"* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Under this provision, mere conclusions of ultimate fact and law do not satisfy the Rule's requirement that specific facts be set forth which show a genuine issue of material fact to be decided at trial. Wakeham v. Omega Construction Company, 96 Ariz. 336, 395 P.2d 613 (1964). Lujan v. MacMurtrie, 94 Ariz. 273, 383 P.2d 187 (1963). The plaintiffs' affidavit contained unsupported general allegations of negligent conduct, and that defendant Szrama incited her husband against plaintiffs. The affidavit was therefore insufficient to meet the requirements of Rule 56 (e), and failed to overcome the defendants' motion for summary judgment.

■ Ordinarily the question of whether negligence is the proximate cause of an injury is a question of fact for a jury to decide and not a question of law, unless after reviewing all the facts and circumstances there is no reasonable chance or likelihood that the conclusions of reasonable men would differ. Stearman v. Miranda, 97 Ariz. 55, 396 P.2d 622 (1964).

■ The family fight and La Verne's taking refuge with the Harmons two years before the shooting incident, with complete lack of any evidence connecting the two occurrences, is entirely insufficient as a basis to determine proximate cause other than by sheer speculation. Hence the court properly granted the motion for summary judgment.

Judgment affirmed.

BERNSTEIN, C. J., McFARLAND, V. C. J., and STRUCKMEYER and UDALL, JJ., concur.