441 P.2d 63

Roy HARMON and Doris Harmon, husband and wife, and father and mother of Peggy Joyce Harmon, Deceased, and Trudy Jean Harmon, an infant, by Roy Harmon, her next friend, Appellants,

v.

LaVerne R. SZRAMA and Thomas G. Butterfly, as Administrator of the Estate of Ignatius S. Szrama, Jr., Deceased, Appellees.

No. 8256.

Supreme Court of Arizona.

In Banc.

May 15, 1968.

Alan P. Bayham, Phoenix, for appellants.

Tupper & Skeens, Phoenix, for appellees.

McFARLAND, Chief Justice:

On June 16, 1962, Ignatius Szrama, Jr., entered the home of plaintiffs Roy and Doris Harmon. There he shot and killed a minor daughter, wounded Doris and another minor daughter, and then killed himself. On July 6, 1962, plaintiffs filed their complaint against Ignatius' widow LaVerne, and against Thomas G. Butterfly whom plaintiffs alleged "will be" the administrator of Ignatius' estate. On July 11, 1962, a writ of attachment issued in that action, and was levied upon the former Szrama home, which was community property, and constituted the bulk of Szrama's estate. On October 23, 1962, LaVerne was appointed administrator and, on November 13, 1962, plaintiffs' claim was filed in the estate.

On November 4, 1963, a motion to quash the writ of attachment was filed, and sixteen days later an order was entered granting the motion. This case is now before us on an appeal from that order.

While this appeal was pending, defendant LaVerne Szrama moved for a summary judgment, and that motion was granted. On appeal, we affirmed. Harmon v. Szrama, 102 Ariz. 343, 429 P.2d 662. That appeal leaves this case in the posture of a lawsuit for damages with an attachment against the administrator of the estate of Ignatius Szrama, started subsequent to Ignatius' death.

When the original suit was started, plaintiffs' cause of action was against both defendants, and the attachment was to prevent the widow from conveying her half of the community property so as to make a judgment against her uncollectible. This is the basis of plaintiffs' affidavit in support of the writ of attachment, which states that "*defendants* are about to dispose of *her* [sic] property * * * for the purpose of defeating collection of the judgment." [Italics ours.] The affiant, of course, meant that *LaVerne* was going to dispose of her property, as the deceased obviously could not do so. Since LaVerne is now out of this action by virtue of the summary judgment, the error, if any, in quashing the writ against her half of the community property is moot, and it is necessary to decide only whether the attachment was proper as to the deceased's half.

The policy of the State, as spelled out by the legislature in A.R.S. § 14-515, subsec. B, § 14-517, subsec. C, and § 14-682, and § 14-683 clearly indicates that funeral expenses, expenses of the last illness, family allowances, administration expenses, and debts having preference by State and Federal laws, have priority over such claims. A.R.S. § 14-574 provides that even though a judgment is rendered against a deceased during his lifetime, no execution shall issue, but the judgment shall be presented to the administrator like any other claim.

While this Court has held that property attached, or money garnisheed, before death was subject to the lien—Guarantee Title and Trust Company v. Babbitt Bros. Trading Company, 47 Ariz. 47, 53 P.2d 734; and Wartman v. Pecka, 8 Ariz. 8, 68 P. 534—the attachment in the instant case was made after death and therefore is governed by A.R.S. § 14-577, which reads as follows:

"The holder of a claim against an estate shall not maintain an action thereon unless the claim is first presented to the executor or administrator, but an action may be brought by the holder of a mortgage or lien to enforce it against the property of the estate subject thereto where all recourse against other property

of the estate is expressly waived in the complaint, but no counsel fees shall be recovered in such action unless the claim is so presented."

The above statute clearly refers to liens acquired during decedent's lifetime, and does not permit the establishment of a lien by attachment as attempted by the instant case. Any other interpretation would nullify the state policy of having the administrator follow the priorities previously referred to.

Plaintiffs' counsel bases his argument largely on a writ of attachment issued against the interest of the surviving spouse, and little attempt is made to justify levying against the deceased's half of the property. Since plaintiffs had no lien during the decedent's lifetime, their attempt to create one by attachment after his death was prohibited by A.R.S. § 14–577, and the writ of attachment was therefore properly quashed.

Judgment affirmed.

UDALL, V. C. J., and STRUCKMEYER, BERNSTEIN, and LOCKWOOD, JJ., concur.