459 P.2d 93

Roselene **COMPTON**, Appellant,

v.

**NATIONAL METALS COMPANY**, a corporation, Appellee.

No. I CA–CIV 762.

Court of Appeals of Arizona.
Division 1, Department B.
Sept. 22, 1969.

Kanne, Bickart & Crown, by Allen B. Bickart, Phoenix, for appellant.

Snell & Wilmer, by Gary H. Fry, Phoenix, for appellee.

EUBANK, Presiding Judge.

Mrs. Roselene Compton, hereinafter referred to as plaintiff, appeals from a summary judgment entered in favor of National Metals Company, referred to hereinafter as defendant, dismissing her cause of action for the wrongful death of her husband.

The plaintiff's complaint, filed on March 25, 1965, in the Maricopa County Superior Court, alleged that plaintiff's decedent drove a truck for Ray Smith and Irene Smith, husband and wife, doing business as Ray Smith Car Salvage Company of Yuma, Arizona, and that on the morning of May 6, 1964, he drove a truck and trailer, belonging to the Smith Company loaded with crushed automobile bodies, from Yuma to the defendant's yard at 320 South 19th Avenue in Phoenix; that due to the careless, negligent and reckless conduct of the defendant, and its failure to provide a safe unloading area, the defendant caused the death of Bernard Lee Compton, plaintiff's decedent.

Defendant answered admitting that the load of crushed automobile bodies was delivered to its premises in Phoenix, and admitted its obligation to provide a safe area for the use of its invitees, but denied any negligent conduct on its part, and denied that it was in any manner connected with the unloading of said automobile bodies when plaintiff's decedent was fatally injured.

Thereafter, answers to written interrogatories were filed and depositions taken. Finally on December 13, 1966, defendant moved for summary judgment under authority of Rules of Civil Procedure, Rule 56. This motion was supported by affidavits based upon personal knowledge of three witnesses.

The first affiant, Mr. Joe Rangel, swore that he was an employed crane operator of the defendant, that he was present on the day of the accident, that the truck loaded with crushed automobile bodies backed in-

to the premises for unloading, that the driver began to untie the cables supporting the load, that he had other work to do, and that when he returned several minutes later he found the truck driver under several crushed automobile bodies, with two of the supporting cables on the truck untied. He also swore that he did not touch the truck or see any other employee of the defendant do so.

The second affiant, Mr. Aaron Coleman, the defendant's buyer, swore to the arrival of decedent and truck on the premises on the day of the accident.

The third affiant, Mr. Lindsay S. Youngblood, an employee of the defendant, swore that he was present at the time of the accident, approximately 150 feet away from the place it occurred, that another employee asked him for assistance in removing several crushed automobile bodies which had fallen off the truck and onto the driver, that he did not touch the truck prior to the discovery of plaintiff's decedent and did not see any other employee assist the driver of the truck.

In opposition to the motion for summary judgment, plaintiff's counsel filed an affidavit, executed by himself, stating that he had reviewed a police report, some drawings or diagrams of the accident scene, and defendant's answers to interrogatories and that he was of the opinion that a triable issue of fact existed. There was no other supporting affidavit filed with this document. There was, however, a copy of the police investigation report, marked Exhibit A, attached to his affidavit.

This police report states that plaintiff's decedent drove a truck and trailer into defendant's yard. After the trailer had been unloaded by plaintiff's decedent and an employee of the defendant, it was removed from defendant's yard by plaintiff's decedent. A short time later the decedent, without the aid of any employee of the defendant, began to unload the truck himself,

whereupon the crushed automobile bodies fell on plaintiff's decedent. The report goes on to include the statement of Mr. Joe Gonzales Rango (apparently Mr. Joe Rangel) which reads as follows:

"Mr. Joe Gonzales Rango, 2936 East Hammond Lane, a crane operator for National Metals, gave the following information:

"Sometime between 8:30 a. m. and 9:00 a. m. on 5/6/64, the deceased came up to gate #W-2 with a 2½ ton truck and a large flat bed trailer loaded with crushed auto bodies. Mr. Compton backed the trailer into gate #W-2 and unfastened the cables. Mr. Rango unloaded the bodies from the trailer with the crane.

"The deceased then pulled the trailer out of the yard and dropped it on the south side of Jackson Street, just east of gate #W-2, and then backed the truck into the yard through gate #W-2, parking it just south of the crane tracks between two large piles of scrap metal. Mr. Rango then moved the crane down the yard to perform some other work while Mr. Compton loosened the cables securing the load to the truck.

"Mr. Rango returned to the truck about ten minutes later to unload it. At this time, he noted that five of the crushed auto bodies had fallen from the truck on the left (east) side and that the deceased was pinned on the ground under them."

Rules of Civil Procedure, Rule 56(e), as amended, provides:

"56(e) Form of affidavits; further testimony; defense required. Supporting *and opposing affidavits shall be made on personal knowledge,* shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The

court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. *When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.* (Emphasis added).

■ The first question is whether the plaintiff's attorney sufficiently complied with Rule 56(e) by personally executing an affidavit, in opposition to the defendant's motion for summary judgment, which was based upon his review of the case and his belief that there existed a triable issue of fact in the case, but which was not based upon his personal knowledge of the fact.

The answer is negative. The italicized portions of Rule 56(e), set out heretofore, require that an adverse party, by opposing affidavit, set forth specific facts showing that there is a "genuine issue for trial", based upon "personal knowledge" of the party or witness. The affidavit of an attorney is insufficient under Rule 56(e), except where the facts set out are based upon his personal knowledge. 6 Moore's Federal Practice, 2d, Par. 56.22(1); 3 Federal Practice and Procedure, Barron-Holtzoff, Sec. 1237; see Automatic Radio Manufacturing Co. v. Hazeltine Research (Mass.1950), 339 U.S. 827, 70 S.Ct. 894, 94 L.Ed. 1312; Hoston v. J. R. Watkins Co. (CA 9th 1962), 300 F.2d 869; Local Union No. 490, United Rubber, Cork, Linoleum and Plastic Workers of America, AFL-CIO v. Kirkbill Rubber Co. (CA 9th 1966) 367 F.2d 956.

If the opposing affidavit of plaintiff's counsel is rejected on the basis of non-compliance with Rule 56(e), it follows that there is no legally sufficient opposing affidavit filed in this case. In such situations the court is justified in entering summary judgment for the moving party, if the facts show that the moving party is entitled to judgment as a matter of law, Roy Harmon et al. v. LaVerne R. Szrama et al. (1967), 102 Ariz. 343, 429 P.2d 662; Eastwood Electric Co. v. R. L. Branaman Contractor, Inc. (1967), 102 Ariz. 406, 432 P.2d 139; Mortensen v. Knight, 81 Ariz. 325, 305 P.2d 463 (1956). In Eastwood, at page 143, 432 P.2d, our Supreme Court succinctly stated the law in this way:

"We have held that summary judgment is mandatory where the party opposing the judgment does not file affidavits in opposition to the affidavits filed by the moving party, unless the papers of the moving party fail to show he is entitled to judgment as a matter of law. Greater Ariz. Savings & Loan Ass'n v. Tang, 97 Ariz. 325, 400 P.2d 121; Martinez v. Coombs, 93 Ariz. 127, 379 P.2d 118; Perez v. Tomberlin, 86 Ariz. 66, 340 P.2d 982."

If plaintiff's affidavit was legally insufficient, was the defendant entitled to judgment as a matter of law? A review of the law includes the following:

■ An owner or occupant owes to his invitee a duty to have his premises in a reasonably safe condition and to give warning of latent or concealed perils. Daugherty v. Montgomery Ward, 102 Ariz. 267, 428 P.2d 419 (1967). See Prosser, Law of Torts, 3rd Ed. Chapter 11, p. 402. But an occupier of land is not an absolute insurer of the safety of the invitees coming onto his land. McKeever v. Phoenix Jewish Community Center, 92 Ariz. 121, 374 P.2d 875, 1 A.L.R.3d 957 (1962); Berne v. Greyhound Parks of Arizona, Inc., 104 Ariz. 38, 448 P.2d 388 (1968); Moore v. Southwestern Sash & Door Co., 71 Ariz. 418, 228 P.2d 993 (1951); Daugherty v. Montgomery Ward, 102 Ariz. 267, 428 P.2d 419 (1967). Nor is the fact of an accident and injury by itself alone proof of negligence. Biondo v. General Motors Corporation, 5 Ariz.App. 286, 425 P.2d 856 (1967); Pickwick Stages Corporation v. Messinger, 44 Ariz. 174, 36 P.2d 168 (1934); McCarthy

v. Kenosha Auto Transport Corporation, 2 Ariz.App. 620, 411 P.2d 58 (1966); Verde Tunnel & Smelter Railway Company v. Stevenson, 22 Ariz. 188, 196 P. 164 (1921); nor is the fact of any accident and injury by itself justification for the application of the *res ipsa* doctrine. Snethen v. Gomez, 6 Ariz.App. 366, 432 P.2d 914 (1967). Capps v. American Airlines, Inc., 81 Ariz. 232, 303 P.2d 717 (1956). In the Capps case the court said that the fact of an accident and injury to an invitee does not create a presumption of negligence on the part of the occupier of land.

Unless there is some further basis for argument, it is clear to us that the defendant was entitled to summary judgment as a matter of law.

Counsel for the plaintiff contended that the allegation of negligence contained in the complaint sufficiently raised a genuine issue of fact under Rule 56(e) to require that the issue be tried to a jury. Our Supreme Court in Szrama, supra, held that unsupported general allegations of negligent conduct set out in an opposing affidavit to a motion for summary judgment did not meet the requirements of Rule 56(e). This same reasoning would certainly apply where no legally sufficient affidavit was filed, as in this case. See 6 Moore's supra, Sec. 56.17(42), Negligence, and 3 Barron-Holtzoff, supra, Sec. 1232.1, Negligent Actions. In the February 3, 1969, case of Bland v. Norfolk & Southern R. R. Co., (CA 4th) 406 F.2d 863, that court held that the filing of an affidavit in opposition to a motion which asserts no more than the movant was negligent was insufficient under the rule. The Arizona Supreme Court has held substantially the same in Szrama, supra.

■ Another question relates to the police report. Plaintiff contends that the police report of the investigation which was attached to the affidavit raises a fact issue. Does a written unsworn police report attached to a legally insufficient affidavit executed by counsel for the plaintiff raise a fact issue under Rule 56(e)? The answer is clearly no, and for the same reasons set out heretofore. In addition, the unsworn-to statement of a police officer constitutes hearsay evidence based upon hearsay evidence and does not satisfy the "personal knowlegde" requirement of Rule 56(e) in any respect. Finally, a reading of the report, referred to in the beginning of this opinion, supports the action of the trial court in granting summary judgment to defendant. Even if we assume for purposes of argument that the report was admissible, the report is completely consistent with the affidavits submitted by the defendant and therefore no fact issue is created.

Counsel for the plaintiff alleged that by virtue of the summary judgment that his client is denied a jury trial on the issue of negligence.

■ A motion for summary judgment under 16 A.R.S. Rule 56, authorizes summary judgment only where the moving party is entitled to judgment as a matter of law, where the tendered evidence is not too improbable to be accepted by reasonable minds and where no genuine issue of fact remains for trial. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627, 64 S. Ct. 724, 728, 88 L.Ed. 967 (1944). Lujan v. MacMurtrie, 94 Ariz. 273, 383 P.2d 187 (1963). The purpose of the rule is well stated in the case of Melton v. Greyhound Corp., 354 F.2d 970 at 972 (5th Cir.1965) wherein the court quotes from their earlier case of Whitaker v. Coleman, 115 F.2d 305, 306–307 (1940) as follows:

"* * * The invoked procedure (summary judgment), valuable as it is for striking through sham claims and defences which stand in the way of a direct approach to the truth of a case, was not intended to, it cannot deprive a litigant of, or at all encroach upon, his right to a jury trial.

"* * * To proceed to summary judgment it is not sufficient then that the judge may not credit testimony proffered on a tendered issue. It must ap-

pear that there is no substantial evidence on it, that is, either that the tendered evidence is in its nature too incredible to be accepted by reasonable minds, or that conceding its truth, it is without legal probative force. * * *

"* * * Summary judgment procedure is not a catch penny contrivance to take unwary litigants into its toils and deprive them of a trial, it is a liberal measure, liberally designed for arriving at the truth. Its purpose is not to cut litigants off from their right of trial by jury *if they really have evidence which they will offer on a trial,* it is to carefully test this out, in advance of trial by inquiring and determining whether such evidence exists. * * *" (Emphasis supplied).

See also: 35B C.J.S. Federal Civil Procedure § 1141; 41 Am.Jur., Pleadings, Sections 171, 172. The failure of plaintiff to file affidavits in opposition to those of the movant party is a judicial admission of the truth of defendant's allegations. Consequently, there was no issue of fact to be tried by a jury and plaintiff was not therefore denied such a trial. C. T. McCormick, Law of Evidence, § 242, at 510 (Ed.1954). See Eastwood Electric Co. v. R. L. Branaman Contractor, Inc., supra; Udall, Arizona Law of Evidence, § 177.

Finally, plaintiff certainly had ample time to complete discovery and to file opposing affidavits. The record shows that two and one-half years had elapsed between the time that the complaint was filed on March 25, 1965, and summary judgment was entered on September 25, 1967. It also shows that over ten months had elapsed between defendant's motion for summary judgment on December 13, 1966, and the entry of summary judgment.

It is our opinion that summary judgment was properly granted in this cause.

Judgment is affirmed.

JACOBSON and HAIRE, JJ., concur.