511 P.2d 699

Ola G. WALKER, Appellant,

v.

MONTGOMERY WARD & COMPANY, INC., Appellee.

No. I CA–CIV 1973.

Court of Appeals of Arizona, Division 1, Department A.

July 10, 1973.

Rehearing Denied Aug. 21, 1973.

Review Denied Oct. 2, 1973.

In considering a motion for summary judgment entered for defendant, this Court must view the evidence in the light most favorable to the plaintiff, who is given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Cummings v. Prater, 95 Ariz. 20, 386 P.2d 27 (1963).

With the above in mind, we find the facts of this case to be as follows. On or about November 14, 1969 at approximately 6:05 p. m. plaintiff, as a business invitee, accompanied by a companion, entered defendant's store located in the Christown Mall in Phoenix. While walking down one of the aisleways in defendant's store, plaintiff slipped on a "wet yellowish substance", determined to be a peach, or a piece of a peach, on the floor and fell, fracturing her hip. Produce (including peaches) was not on display in the area of the store where the plaintiff suffered her injury. At the time of the alleged accident there were no other customers or salespeople in the area where the plaintiff fell. It is uncontroverted that plaintiff had no knowledge as to who placed the substance on the floor, or as to *how long* the foreign substance was on the aisleway floor prior to the incident.

The record, such as it is, establishes that the defendant did not employ a regimented housekeeping program in that it did not set up a regular inspection schedule. It was the store policy, however, that each of its employees had the responsibility of looking out for, and cleaning up, any spills or foreign substances which they saw on the floor. If they were unable to clean up the spills or substances, they were to notify maintenance personnel for assistance.

Defendant, at the time of the accident, had employed a professional janitorial service to clean and maintain the aisleways and public areas of the store after hours. The floor had been cleaned at approximately 6:00 a. m. on the morning of defendant's fall. During store hours there are two maintenance men on duty who have morning and afternoon shifts. While

Stidham & Galusha, by Charles C. Stidham, Phoenix, for appellant.

Snell & Wilmer, by Warren E. Platt, Phoenix, for appellee.

DONOFRIO, Presiding Judge.

This is an appeal by plaintiff, Ola G. Walker, from an order granting judgment to the defendant, Montgomery Ward & Company, Inc., upon its motion for summary judgment. The motion was based upon the usual claim that the pleadings, affidavits and answers to interrogatories demonstrated that there existed no genuine issue as to any material fact.

they did not have a formal inspection schedule, their principal duty was to periodically tour the store to remove "any foreign matter" from the aisleways. The affidavits of several employees were introduced, including the affidavit of the maintenance man on the afternoon shift, all to the effect that they had periodically inspected the store throughout the afternoon and evening in question and did not see or otherwise become aware of any foreign substance on the floor in the area where plaintiff allegedly fell. No contravening affidavits were offered by plaintiff as to how long the foreign substance was on the floor.

Defendant's motion for summary judgment was granted by the trial court because plaintiff could not establish the length of time the peach was on the floor. On appeal, the sole question concerns the propriety of the trial court's action.

 The general rule, and the rule followed in Arizona, is that the owner of a business is not an insurer of the safety of a business invitee, but only owes a duty to exercise reasonable care to his invitees. Moore v. Southwestern Sash & Door Co., 71 Ariz. 418, 228 P.2d 993 (1951); Compton v. National Metals Company, 10 Ariz. App. 366, 459 P.2d 93 (1969). The mere occurrence of a fall on a floor within business premises is insufficient to prove negligence on the part of the proprietor. Moore, *supra*; Compton, *supra*.

 The issue of whether the owner of premises open to the public has exercised the care required of him to keep them in a reasonably safe condition for his invitees generally is a question of fact for the jury. Glowacki v. A. J. Bayless Markets, Inc., 76 Ariz. 295, 263 P.2d 799 (1953); Rhodes v. El Rancho Markets, 9 Ariz.App. 576, 454 P.2d 1016 (1969). *See generally,* 65A C.J.S. Negligence § 274(a). There is, however, the general proposition that in order to impose liability on the proprietor for injuries sustained by an invitee, the plaintiff must prove either, 1) that the

foreign substance or dangerous condition is the result of defendant's acts or the acts of his servants, or 2) that defendant had actual knowledge or notice of the existence of the foreign substance or dangerous condition, or 3) that the condition existed for such a length of time that in the exercise of ordinary care the proprietor should have known of it and taken action to remedy it (*i. e.,* constructive notice). Annot. 61 A. L.R.2d 6, at 13 (1958); 65 C.J.S. Negligence § 63(54). *See* McGuire v. Valley National Bank of Phoenix, 94 Ariz. 50, 381 P.2d 588 (1963).

 There is no evidence in this case to indicate that the substance which caused the injury was a Montgomery Ward product. The mere presence of a foreign substance does not raise an inference or a question of fact as to whether the substance was caused to exist by defendant, or by one of its agents. Arizona has in fact taken the position that even where the foreign substance involved is related to a defendant's business, that showing alone would still be insufficient to prove that the presence of the substance was caused by defendant or one of its agents. *See* Vreeland v. State Board of Regents, 9 Ariz. App. 61, 449 P.2d 78 (1969).

Likewise, in the case at bar, no evidence was presented from which it could be inferred that the defendant had actual notice of any dangerous foreign substance upon its floors. The uncontroverted testimony of several of defendant's employees is that they had no knowledge of the alleged foreign substance. Grounds 1) and 2), *supra,* are therefore inapplicable here. Thus, the only basis upon which defendant could be found liable for plaintiff's injuries would be upon a showing that defendant had, at best, constructive notice of the dangerous condition.

 One of the most important questions that must be answered in establishing constructive notice of a dangerous condition is the *length of time* that a given foreign substance has been present. In

Annot., 61 A.L.R.2d 6, at 28 (1958), is the following proposition:

". . . [P]roof that the proprietor of a store or similar place of business had constructive notice that a floor within the business premises was dangerous as a result of the presence thereon of litter or debris *requires proof that the floor condition had existed for such a length of time that the proprietor, in the exercise of ordinary care, should have known of it.* Thus the importance of the time factor to the issue of constructive notice is clear." (emphasis added)

In McGuire, *supra,* the Arizona Supreme Court stated:

"The pebble could have been deposited ten seconds before the plaintiff fell, or ten minutes, or two hours and ten minutes. There is no evidence from which the jury could infer that one period of time was more reasonable than any other. Only if it had been there for a sufficient length of time for the defendant, in the exercise of reasonable care, to find and remove it, could the defendant be found negligent. Submission of these facts to the jury would require the jury to guess whether the pebble had been on the stairway for a sufficient length of time. This cannot be permitted." 94 Ariz. at 53–54, 381 P.2d at 590.

█ In the instant case, there was absolutely no evidence as to how long the foreign substance was upon defendant's floor. Plaintiff has, in fact, expressly admitted that she was unable to establish how long the substance was on the floor.

Plaintiff urges this Court to adopt a test for determining a defendant's culpability for injuries to a business invitee based solely upon evidence of defendant's housekeeping practices, and to eliminate the requirement that plaintiff make at least some showing of how long the substance had been on the floor. Such a test is not the law in Arizona, nor is it the law in a majority of the other jurisdictions. These courts have consistently held that a plaintiff must show that the defective condition had been in existence for a sufficient length of time prior to the injury for the proprietor, in the exercise of reasonable care, to find and correct it, or take remedial action. See, *e. g.,* Berne v. Greyhound Parks of Arizona, Inc., 104 Ariz. 38, 448 P.2d 388 (1968); El Grande Market No. Two, Inc. v. McAlpin, 13 Ariz.App. 302, 475 P.2d 961 (1970). We deem this requirement to be well reasoned, and therefore disagree with plaintiff in this regard.

█ Plaintiff also argues that Montgomery Ward's failure to initiate a periodic inspection routine alone raises a jury question as to whether the store's housekeeping procedures and practices met the standard of care that an ordinarily careful and prudent store owner would have deemed adequate under the circumstances. In F. W. Woolworth Co. v. Goldston, 155 S.W.2d 830 (Tex.Civ.App.1941), the court directly considered the question of whether alleged "bad housekeeping" was sufficient, in and of itself, to send a slip and fall case to the jury. In resolving this question in the negative, the court there stated:

"Appellees contend that inasmuch as they alleged and proved, and the jury found, that appellant negligently failed to sweep or clean the floor at frequent intervals and failed to inspect the premises at frequent intervals to determine if there was dangerous foreign substances upon it and that, as a result of such failure, Mrs. Goldston was injured, the trial court promptly denied appellant's motion for an instructed verdict. We cannot agree with appellees in this contention. Conceding there was any evidence upon which the jury was warranted in making these findings, which is open to serious doubt, it is not shown nor even intimated in the testimony that such sweeping, cleaning or inspection of the floor would have revealed the presence of the banana peel thereon. Mrs. Goldston was not injured because of the failure of appellant to sweep, clean or inspect its floor. Her injury resulted from the slipping of her foot when she stepped upon the banana

peel and the presence of the banana peel, not the failure to sweep, clean or inspect the floor, was the proximate cause of her injury. [citations omitted]

"Appellant's contention here involves merely another method of approaching the condition laid down by the courts upon which the plaintiff in such cases may recover, that is, it must be shown that the banana peel was either placed upon the floor by the employees or agents of the defendant, or that they knew it was there, or that it had remained there a sufficient length of time that the defendant, its agents, servants or employees, by the exercise of ordinary care, would have discovered the fact that it was there. Unless the sweeping and inspection of the floor would have revealed the presence of the banana peel, testimony in regard to that matter was immaterial. . . ." 155 S.W.2d at 832–833

■ Finally, a motion for summary judgment under Rule 56, Arizona Rules of Civil Procedure, 16 A.R.S., "authorizes summary judgment only where the moving party is entitled to judgment as a matter of law, where the tendered evidence presented is not too improbable to be accepted by reasonable minds and where no genuine issue of fact remains for trial." Compton, *supra,* 10 Ariz.App. at 370, 459 P.2d at 97. *See also* Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944); Lujan v. Mac-Murtrie, 94 Ariz. 273, 383 P.2d 187 (1963).

■ In the case at bar, plaintiff filed affidavits dealing only with the type of substance upon which she slipped and fell, and with the fact that produce was not on display in the area of her fall. Plaintiff failed to file any affidavits in opposition to defendant's affidavits concerning its employees' attestations that they periodically inspected the area where she fell, and observed no foreign substances on the floor. Although she was given two continuances of two weeks each to complete discovery, she was still unable to provide any evidence as to how long the substance was on the floor. Her failure to file opposing affidavits on the crucial question constitutes a judicial admission of the truth of defendant's allegations. Consequently, there was no genuine issue of fact to be tried by a jury. Eastwood Electric Co. v. R. L. Branaman Contractor, Inc., 102 Ariz. 406, 432 P.2d 139 (1967); Compton, *supra;* Udall, Arizona Law of Evidence § 177.

We therefore find that upon the circumstances of this case, the trial court correctly granted defendant's motion for summary judgment.

Affirmed.

OGG, and STEVENS, JJ., concur.