NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

ANGELIC AGER, *Plaintiff/Appellant,*

*v.*

A BETTER TODAY RECOVERY SERVICES LLC, *Defendant/Appellee.*

No. 1 CA-CV 21-0081
FILED 10-12-2021

Appeal from the Superior Court in Maricopa County
No. CV2019-002812
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED**

COUNSEL

Keller Rohrback PLC, Phoenix
By Mark D. Samson, Ron Kilgard
*Counsel for Plaintiff/Appellant*

Broening Oberg Woods & Wilson PC, Phoenix
By Donald Wilson, Jr., Jessica J. Kokal, Kelley M. Jancaitis, Jonathan Y. Yu
*Counsel for Defendant/Appellee*

_____

## MEMORANDUM DECISION

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge Maria Elena Cruz joined.

_____

**B A I L E Y**, Judge:

¶1             Angelic Ager appeals the superior court's rulings granting summary judgment to A Better Today Recovery Services LLC ("ABT") and awarding filing fees as part of taxable costs. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2             During her admission to ABT for substance-abuse treatment, Ager was transported to an affiliated ABT facility, the Willow House, to pick up another patient. The driver parked the vehicle in the facility driveway and entered the facility to retrieve the other patient. Landscaping gravel was located on either side of the facility driveway. Ager exited the vehicle to assist with the other patient's luggage. While at the rear of the vehicle, Ager slipped and fell. After falling, she noticed rock or pebble indentations on her shins and legs. She also noticed "a bit" of rocks or pebbles on the ground that she had not previously seen. Ager suffered serious injury to her knee, on which she had recently undergone replacement surgery.

¶3             Ager filed a negligence action against ABT. In response to ABT's motion for summary judgment, Ager submitted a declaration signed by the other patient, who stated that she had lived at the Willow House for twenty days before Ager's fall, that there were always gravel pieces on the driveway, and that she had never seen anyone sweep it up. Ager also submitted deposition testimony from the driver, who testified that he noticed rock or gravel on the driveway after Ager fell and stated generally that gravel on walkways is "unsafe" and "looks trashy." Maintenance records disclosed by ABT show that the last time the maintenance crew was at the Willow House was ten days before Ager fell. Ager also submitted training materials, a federal safety guide, an insurance booklet, and Department of Health Services Regulation generally addressing rocks on the ground as hazards and the importance of keeping driveways and walkways free from gravel.

**¶4**         Finding there was no evidence that the gravel created an unreasonably dangerous condition, the superior court granted summary judgment to ABT.  In the final judgment dismissing the claim against ABT, the court included filing fees as part of the taxable cost award.

**¶5**         We have jurisdiction over Ager's timely appeal under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-2101(A)(1).

## DISCUSSION

### I.        The Superior Court Did Not Err in Granting Summary Judgment

**¶6**         We review the grant of summary judgment de novo, viewing the facts most favorably to Ager. *See Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003).  When there is no genuine issue of "material fact and the moving party is entitled to judgment as a matter of law," we will affirm a grant of summary judgment. Ariz. R. Civ. P. 56(a); *Thompson v. Pima Cnty.*, 226 Ariz. 42, 44, ¶ 5 (App. 2010).

**¶7**         In this negligence action, Ager had to prove that ABT owed her a duty to conform to a particular standard of care to protect her from an unreasonable risk of harm. *See Ontiveros v. Borak*, 136 Ariz. 500, 504 (1983). Because Ager was a business invitee, ABT owed her a duty to use reasonable care to warn of or remedy an unreasonably dangerous condition of which it had notice. *See Walker v. Montgomery Ward & Co., Inc.*, 20 Ariz. App. 255, 258 (1973); *Preuss v. Sambo's of Ariz., Inc.*, 130 Ariz. 288, 289 (1981); *Andrews v. Fry's Food Stores of Ariz.*, 160 Ariz. 93, 95 (App. 1989); Restatement (Second) of Torts § 343, cmt. d (1965) (negligence is the failure to warn of or correct an unreasonably dangerous condition).

**¶8**         The operative issue in this case is whether the "bit" of gravel on ABT's driveway posed an unreasonable risk of harm sufficient to impose a duty on ABT within the scope of the business-invitee relationship to protect Ager from the gravel. *See Dinsmoor v. City of Phoenix*, 251 Ariz. 370, 376-77, ¶¶ 25-28 (2021) (finding that, despite special relationship between the parties, school did not owe duty to protect student in absence of evidence that another student posed unreasonable risk of harm).  Although Ager argues that the facts of this case were sufficient to get to the jury on the issue of negligence, the existence of duty is an issue of law properly decided by the superior court and one that we review de novo. *Gipson v. Kasey*, 214 Ariz. 141, 143 ¶ 9 (2007); *Dinsmoor*, 251 Ariz. at 373, ¶ 14.

**¶9**         A business owner is not an insurer of safety. *Walker*, 20 Ariz. App. at 258.  We do not presume that a condition created an unreasonable

3

risk of harm just because an injury occurred. *Burke v. Ariz. Biltmore Hotel, Inc.*, 12 Ariz. App. 69, 71 (1970). Unreasonably dangerous conditions are those that create an unreasonable risk of harm. *Berne v. Greyhound Parks of Ariz., Inc.*, 104 Ariz. 38, 41 (1968). One of the tests used in determining whether a condition is unreasonably dangerous is:

> If people who are likely to encounter a condition may be expected to take perfectly good care of themselves without further precautions, then the condition is not unreasonably dangerous because the likelihood of harm is slight.

*Cummings v. Prater*, 95 Ariz. 20, 27 (1963) (quoting Harper and James, *The Law of Torts* § 27.13).

¶10        Although Ager did not see the gravel on the driveway before she fell, Ager's counsel conceded at oral argument that he assumed she would have seen the gravel had she looked. Further, as noted by the superior court, there is no evidence in the record that people previously fell on gravel on the driveway, that the gravel was clustered, that its size would create extra concern about falls, or that the surface of the driveway combined with presence of gravel could make it probable that someone would slip and fall. At best, the undisputed facts show that there was always gravel on the driveway, that ABT knew about it, and did not keep the driveway free of debris. While gravel on the driveway may have been a dangerous condition, there is nothing in the record to show that any danger was unreasonable. Under these circumstances, Ager is expected to have been able to take perfectly good care of herself, and the gravel was not unreasonably dangerous. *See Cummings*, 95 Ariz. at 27.

¶11        Because Ager failed to present any evidence that a "bit" of gravel on the driveway posed an unreasonable risk of harm, the business-invitee relationship did not impose a duty on ABT to protect her from the gravel. *See Dinsmoor*, 251 Ariz. at 376-77, ¶¶ 25-28; *Collette v. Tolleson Unified Sch. Dist.*, 203 Ariz. 359, 366, ¶ 30 (App. 2002) (finding in part that defendant owed no duty to protect plaintiff in absence of evidence of unreasonable risk of harm). As such, the superior court properly granted summary judgment to ABT.

## II.    Filing Fees Are Taxable Costs Under A.R.S. § 12-332

¶12        Ager challenges the superior court's inclusion of filing fees as part of ABT's taxable costs awarded under A.R.S. § 12-332.

**¶13**        We review de novo as a question of law whether A.R.S. § 12-332 includes filing fees as a taxable cost. *Schritter v. State Farm Mut. Auto. Ins. Co.*, 201 Ariz. 391, 392, ¶ 5 (2001); *Reyes v. Frank's Serv. and Trucking, LLC*, 235 Ariz. 605, 608, ¶ 6 (App. 2014).

**¶14**        The goal in interpreting statutes is to give effect to legislative intent by applying the statutory language as written. *Estate of Braden ex rel. Gabaldon*, 228 Ariz. 323, 325, ¶ 8 (2011).  We interpret statutes in accordance with the plain language of the statute when considered in context. *Id.*  When terms are not defined, we apply the "usual and commonly understood meaning unless the legislature clearly intended a different meaning." *In re Nelson*, 207 Ariz. 318, 322, ¶ 16 (2004) (quoting *State v. Korzep*, 165 Ariz. 490, 493 (1990)).

**¶15**        Ager argues that A.R.S. § 12-332 does not explicitly provide for the recovery of filing fees so they are not recoverable as a taxable cost. The statute provides that costs in the superior court include "[f]ees of officers and witnesses." A.R.S. § 12-332(A)(1).  Although the statute does not define the terms officer or fee, the clerk of the superior court is an officer of the court. *U.S. Fidelity & Guaranty Co. v. State*, 65 Ariz. 212, 215 (1947) (noting that "[t]he clerk of the court from time immemorial has been considered an officer of the court," citing an earlier version of the Arizona Constitution now located at Article 6, Section 23).  And parties pay filing fees to the clerk of the superior court. A.R.S. § 12-284; A.R.S. § 12-311; *U.S. Fidelity*, 65 Ariz. at 215 (noting that the clerk taxes costs).

**¶16**        Ager argues that because A.R.S. § 12-331, the companion statute that enumerates taxable costs in the supreme court, explicitly provides for "the amount paid to the clerk of that court," by omitting that term from A.R.S. § 12-332, the legislature intended to exclude filing fees as taxable costs in the superior court.  ABT contends that A.R.S. § 12-332 does not omit from its definition of taxable costs in the superior court "the amount paid to the clerk of that court" but simply includes it in the broader category of "fees of officers and witnesses."  We need not analyze why the legislature made this distinction because we find that our interpretation is in accord with the plain language of the statute and legislative intent.  While it is true that courts will not generally read a term into a statute where it is omitted from one provision and used in another, *City of Flagstaff v. Mangum*, 164 Ariz. 395, 398 (1990), construing A.R.S. § 12-332 to include filing fees does not read a term into the statute when the plain language of the statute mandates that costs in the superior court includes fees of officers.

## CONCLUSION

**¶17** For the foregoing reasons, we affirm the superior court's rulings. We award costs to ABT upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA