733 P.2d 283

**Nancy P. CHIARA and Richard A. Chiara, wife and husband, Plaintiffs-Appellants,**

v.

**FRY'S FOOD STORES OF ARIZONA, INC., a California corporation; and Fry's Food Stores, Inc., a California corporation, Defendants-Appellees.**

No. CV–86–0047–PR.

Supreme Court of Arizona, En Banc.

Feb. 17, 1987.

John V. Riggs, Ltd. by John V. Riggs, Phoenix, for plaintiffs-appellants.

Holloway & Thomas, P.C. by Benjamin C. Thomas and Randy L. Sassaman, Phoenix, for defendants-appellees.

JACK D.H. HAYS, Justice, Retired.

Plaintiff-appellant, Nancy P. Chiara (Chiara), slipped on some creme rinse in a store owned by defendant-appellee, Fry's Food Stores (Fry's). Neither Chiara nor Fry's employees could explain how the creme rinse fell to the floor nor estimate how long it had remained on the floor. Chiara argued that the "mode-of-operation" rule allowed her to prove negligence without demonstrating that Fry's had either actual or constructive notice of the spilled creme rinse. Nevertheless, the trial court granted pretrial summary judgment in favor of Fry's apparently because Chiara could not demonstrate that Fry's had notice of the spill. Chiara appealed and the court of appeals in a memorandum decision affirmed the trial court's decision (Chiara v. Fry's Food Stores of Arizona, Inc., 1 CA–CIV 7584, filed Dec. 19, 1985). We granted review in order to clarify the scope of the "mode-of-operation" rule. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and Ariz.R.Civ.App.P. 23, 17A A.R.S.

We consider two issues:

1) Whether Chiara's allegations are capable of supporting a finding of liability under the "mode-of-operation" rule.

2) Whether traditional rules pertaining to burden of proof in a negligence case are altered under a mode-of-operation analysis.

## PROPRIETOR'S DUTY OF CARE

A business proprietor has an affirmative duty to make and keep his premises reasonably safe for customers. *Preuss v. Sambo's of Arizona, Inc.*, 130 Ariz. 288, 289, 635 P.2d 1210, 1211 (1981). However, a proprietor who is not directly responsible for a dangerous condition is not liable simply because an accident occurred on his property. *Id.; Walker v. Montgomery Ward & Co.*, 20 Ariz.App. 255, 258, 511 P.2d 699, 702 (1973). If a third person,

another customer, produced the dangerous condition, the proprietor could not, without more, be said to have breached his duty to make his premises safe. A customer injured by a dangerous condition of unknown origin, therefore, would have difficulty establishing a breach of the proprietor's duty.

■ The proprietor may be liable for a dangerous condition produced by a third party, though, if he had actual or constructive notice of the dangerous condition. *Pruess*, 130 Ariz. at 289, 635 P.2d at 1211. Traditionally, a plaintiff can demonstrate that a breach occurred by proving that the

> ... defendant had actual knowledge or notice of the existence of the foreign substance or dangerous condition, or ... [that] the condition existed for such a length of time that in the exercise of ordinary care the proprietor should have known of it and taken action to remedy it (i.e., constructive notice).

*Walker*, 20 Ariz.App. at 258, 511 P.2d at 702. The notice requirement, actual or constructive, is only satisfied if the proprietor has notice of the specific dangerous condition itself and not merely if the proprietor has general notice of conditions producing the dangerous condition. *Id.; Koepke v. Carter Hawley Hale Stores, Inc.*, 140 Ariz. 420, 426, 682 P.2d 425, 431 (App.1984). That is, under traditional negligence jurisprudence, a storeowner's liability can not be premised simply upon a plaintiff's proof that a storeowner had notice that a dangerous condition was a possibility.

The notice requirement adds to the substantial hurdles faced by plaintiffs injured by transitory hazardous conditions in a store. *See, e.g., Gonzales v. Winn-Dixie Louisiana, Inc.*, 326 So.2d 486, 488 (La. 1976) (injured customer has an "onerous evidentiary burden"); *Wollerman v. Grand Union Stores, Inc.*, 47 N.J. 426, 430, 221 A.2d 513, 515 (1966) ("unjust to saddle the plaintiff with the burden of isolating the precise failure [which produced an injury]"). A person injured in a supermarket fall will rarely be able to trace the origins of the accident. No one in this case, for example, has any idea how the creme rinse fell to the floor.

## THE MODE–OF–OPERATION RULE

Courts in Arizona and in other jurisdictions have mitigated this seeming inequity by developing the "mode-of-operation" rule. The "mode-of-operation" rule looks to a business's choice of a particular mode of operation and not events surrounding the plaintiff's accident. Under the rule, the plaintiff is not required to prove notice if the proprietor could reasonably anticipate that hazardous conditions would regularly arise. *See Bloom v. Fry's Food Stores*, 130 Ariz. 447, 636 P.2d 1229 (App. 1981); *Tom v. S.S. Kresge Co.*, 130 Ariz. 30, 633 P.2d 439 (App.1981). In other words, a third person's independent negligence is no longer the source of liability, and the plaintiff is freed from the burden of discovering and proving a third person's actions. A plaintiff's proof of a particular mode-of-operation simply substitutes for the traditional elements of a *prima facie* case—the existence of a dangerous condition and notice of a dangerous condition. This is neither a new nor radical principle. We have recognized, in other contexts, a businessman's duty to anticipate the hazardous acts of others likely to occur on his property, *e.g., Chernov v. St. Luke's Hospital Medical Center*, 123 Ariz. 521, 522–23, 601 P.2d 284, 285–86 (1979) (hospital not entitled to summary judgment when plaintiff alleged that accident in hospital parking lot was produced by hospital's improper maintenance of traffic control signals); *see also* Restatement (Second) of Torts § 344 ("A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons ..., and by the failure of the possessor to exercise reasonable care to [protect the public]").

The mode-of-operation rule is of limited application because nearly every business enterprise produces some risk of customer

interference. If the mode-of-operation rule applied whenever customer interference was conceivable, the rule would engulf the remainder of negligence law. A plaintiff could get to the jury in most cases simply by presenting proof that a store's customer could have conceivably produced the hazardous condition.

■ For this reason, a particular mode of operation only falls within the mode-of-operation rule when a business can reasonably anticipate that hazardous conditions will regularly arise. *Cf. Jamison v. Mark C. Bloome Co.*, 112 Cal.App.3d 570, 169 Cal.Rptr. 399, 401–02 (1980) (business not liable to persons injured on spilled oil because business has no reason to anticipate vandalism of oil drums); *Overstreet v. Gibson Product Co.*, 558 S.W.2d 58, 61 (Tex. Civ.App.1977) (grocery store owner not liable for customer bitten by a rattlesnake). A plaintiff must demonstrate the foreseeability of third-party interference before Arizona courts will dispense with traditional notice requirements. Many of the cases upholding the applicability of the mode-of-operation rule have accordingly involved open food displays. *E.g., Bloom v. Fry's Food Stores, Inc., supra* (grapes); *Tom v. S.S. Kresge Co., supra* (soft drinks); *Rhodes v. El Rancho Markets*, 9 Ariz.App. 576, 454 P.2d 1016 (1969) (lettuce); *Jasko v. F.W. Woolworth Co.*, 177 Colo. 418, 494 P.2d 839 (1972) (pizza sold by the slice); *Gonzales v. Winn-Dixie Louisiana, Inc.*, 326 So.2d 486 (La.1976) (glass bottle of olive oil); *Bozza v. Vornado, Inc.*, 42 N.J. 355, 200 A.2d 777 (1964) (self-service cafeteria); *Ciminski v. Finn Corp.*, 13 Wash. App. 815, 537 P.2d 850 (1975) (self-service cafeteria).

## APPLICATION OF THE MODE–OF–OPERATION RULE

No element of the mode-of-operation rule, however, limits its application to produce or pizza. The trial court, court of appeals, and parties to this dispute have focused too closely on the actual transitory hazardous condition producing the injury— the spilled creme rinse. The similarity between the creme rinse at issue here and the produce at issue in other cases is largely irrelevant. The only real issue is whether or not Fry's could reasonably anticipate that creme rinse would be spilled on a regular basis.

■ The depositions of at least two employees indicated that spills regularly occurred in the store. For example, a courtesy clerk stated:

Let's put it this way: I can't say I remember it [the creme rinse Chiara slipped on]—cleaning up any exact one thing. There's lots of things I have to clean up in the store. It's not the cleanest place.

We think, therefore, that a jury should determine if Fry's reasonably could have anticipated that sealed bottles regularly were opened and spilled. Of course, that conclusion alone would not support a finding of liability. If Fry's exercised reasonable care under the circumstances, it will prevail at trial. We believe, then, that the grant of summary judgment was improper. *See Wisener v. State*, 123 Ariz. 148, 149, 598 P.2d 511, 512 (1979) (litigants entitled to a "trial when there is the slightest doubt as to the essential facts"); *see also Chernov v. St. Luke's Hospital Medical Center, supra*, 123 Ariz. at 522, 601 P.2d at 285 (negligence cases can rarely be disposed of by summary judgment).

## BURDEN OF PROOF

■ The second issue before us is settled easily. Plaintiff and defendant are at odds over the burden of proof in a "mode-of-operation" case. We think it clear that the burden of proof in a mode-of-operation case is no different from the burden of proof in any other negligence case. *See Berne v. Greyhound Parks of Arizona, Inc.*, 104 Ariz. 38, 448 P.2d 388 (1968). The mode-of-operation rule simply allows the plaintiff to alter the elements required to prove his case. The plaintiff must still come forward with evidence supporting his case. He bears the burden of persuading the jury that the defendant acted unreasonably.

We know of no Arizona authority for a contrary proposition.

Chiara argues that we must shift the burden of proof in mode-of-operation cases to defendants because defendants must have an incentive to produce housekeeping records. Chiara would have us invariably direct a verdict in favor of the plaintiff in the absence of such records. We reject this argument because the mode-of-operation rule allows a plaintiff to get to the jury without a defendant's records. We are sure that a defendant involved in a jury trial will want to introduce any and all evidence indicating that it exercised reasonable care under the circumstances.

## CONCLUSION

The trial court's order granting summary judgment is hereby vacated and the case is remanded for trial.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and HOLOHAN, JJ., concur.