861 P.2d 679

**Linda BOROTA and Peter Borota, wife and husband, Plaintiffs/Appellants,**

v.

**UNIVERSITY MEDICAL CENTER, an Arizona corporation, Defendant/Appellee.**

**No. 2 CA–CV 92–0099.**

Court of Appeals of Arizona, Division 2, Department B.

Feb. 26, 1993.

Review Denied Nov. 4, 1993.

Dix and Waterman by William D. Sheldon, Tucson, for plaintiffs/appellants.

Dan Cavett and James W. Kaucher, Tucson, for defendant/appellee.

## OPINION

FERNANDEZ, Judge.

In this slip and fall case, the court granted appellee University Medical Center's (UMC) motion for summary judgment, finding that the mode-of-operation rule is not applicable. We agree and affirm.

Appellant Linda Borota slipped and fell while she was visiting her mother, a patient at UMC's hospital. Borota fell on the sixth floor, a floor that contains a cardiac intensive care unit, two nursing stations, a respiratory therapy room, a waiting room, restrooms, conference rooms, a dialysis unit, and a dietary service dumbwaiter room. The floor is open to the public. A cafeteria is on the second floor that is open to hospital staff as well as the public. There are no restrictions on people taking food or drinks to other hospital areas.

Borota arrived at the hospital at 7:00 p.m., got off the elevator at the sixth floor, walked down the hallway, and slipped in a puddle of milk. She testified at her deposition that there were several spots of milk on the floor and walls and that the spots appeared fresh. She also stated that the hallway was well lit.

Borota argues that the trial court should not have granted summary judgment in favor of UMC because there were disputed fact issues. We review the court's ruling pursuant to the standards set forth in *Orme School v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990):

> [A]lthough the trial judge must evaluate the evidence to some extent in ruling on a motion for summary judgment, the trial judge is to apply the same standards as used for a directed verdict. Either motion should be granted if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense.

As a business open to the public, UMC is under a duty to keep its premises reasonably safe for invitees, *Preuss v. Sambo's of Arizona, Inc.*, 130 Ariz. 288,

635 P.2d 1210 (1981), but it is not an insurer of their safety. *Id.* UMC is not liable for an accident on its premises unless Borota can establish one of the following: UMC employees created the condition responsible for her fall, UMC had actual notice of the spilled milk, or the milk was there such a long time that UMC had constructive notice that it was there. *Chiara v. Fry's Food Stores of Arizona, Inc.*, 152 Ariz. 398, 733 P.2d 283 (1987); *Berne v. Greyhound Parks of Arizona*, 104 Ariz. 38, 448 P.2d 388 (1968); *Walker v. Montgomery Ward & Co.*, 20 Ariz.App. 255, 511 P.2d 699 (1973).

Borota was unable to produce any evidence that a UMC employee spilled the milk. She also was unable to show that UMC had notice that the milk was there prior to her fall. Because Borota testified that the milk spots appeared fresh, she was unable to show that the spill had been present for a period of time sufficient to establish constructive notice to UMC that it was there.

Borota thus argued that the mode-of-operation rule applies so as to preclude the entry of summary judgment against her. "Under the rule, the plaintiff is not required to prove notice if the proprietor could reasonably anticipate that hazardous conditions would regularly arise." *Chiara*, 152 Ariz. at 400, 733 P.2d at 285. The rule applies, however, only to a limited group of cases.

> The mode-of-operation rule is of limited application because nearly every business enterprise produces some risk of customer interference. If the mode-of-operation rule applied whenever customer interference was conceivable, the rule would engulf the remainder of negligence law. A plaintiff could get to the jury in most cases simply by presenting proof that a store's customer could have conceivably produced the hazardous condition.

*Id.* at 400–01, 733 P.2d at 285–86. The types of establishments to which the rule has been applied are self-service supermarkets, *Chiara; Bloom v. Fry's Food Stores*, 130 Ariz. 447, 636 P.2d 1229 (App.1981), and self-service department stores that sell soft drinks that can be carried around the store, *Tom v. S.S. Kresge Co.*, 130 Ariz. 30, 633 P.2d 439 (App.1981).

According to the evidence here, the area where the spill occurred was four floors from the cafeteria. There was no evidence that patients' food trays were delivered from the elevator Borota used. UMC maintains a routine schedule for daily cleaning of the area, and housekeeping personnel immediately clean all spills reported to them. Borota argues that UMC's maintenance schedule was inadequate because only one housekeeping person was assigned to clean and monitor three floors during the 3:00 p.m. to 11:00 p.m. shift and because no one checked the sixth floor between 3:00 p.m. and 7:00 p.m. She also argues that the mode-of-operation rule applies because UMC has no policy to regularly inspect the hallways for spills. That argument, however, ignores the key factor requiring application of the rule: the business must be able to reasonably anticipate that dangerous conditions will *regularly* arise. *Chiara.* "Regular" is defined as "[c]ustomary, usual, or normal." *American Heritage Dictionary* 1041 (2d coll. ed. 1982). As Borota has pointed out, there was evidence that spills had occurred in the same area, but, as UMC has observed, the housekeeping person in charge of that floor testified that spills did not occur very often. That statement is the opposite of the mode-of-operation rule requirements. Thus, the evidence was insufficient to establish that third-party interference was reasonably foreseeable so as to invoke that rule, and the trial court correctly granted UMC's motion for summary judgment.

Affirmed.

DRUKE, P.J., and HATHAWAY, J., concur.