NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

KATHLEEN SHAFER, *Plaintiff/Appellant,*

*v.*

WALGREEN ARIZONA DRUG COMPANY, an Arizona corporation,
*Defendant/Appellee.*

No. 1 CA-CV 17-0243
FILED 6-5-2018

Appeal from the Superior Court in Maricopa County
No. CV2014-002127
The Honorable Christopher T. Whitten, Judge

**AFFIRMED**

COUNSEL

Law Office of Donald Smith PLLC, Glendale
By Donald H. Smith
*Counsel for Plaintiff/Appellant*

Jones, Skelton & Hochuli PLC, Phoenix
By Douglas R. Cullins, Jennifer B. Anderson, Kenneth L. Moskow
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kent E. Cattani joined.

---

**P E R K I N S**, Judge:

¶1　　　　Kathleen Shafer challenges the trial court's entry of summary judgment in favor of Walgreen Arizona Drug Company ("Walgreen") on her premises liability claim for negligence. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2　　　　While shopping at a Walgreen store, Shafer picked up a glass air freshener refill from a shelf and the product fell out from the bottom of the package. The glass container dropped onto Shafer's foot, lacerating her left big toe. Shafer had not noticed anything wrong with the package before she picked it up. Shafer suffered damages as a result of her injury.

¶3　　　　Shafer sued Walgreen, alleging negligence. The trial court granted Walgreen's motion for summary judgment. Shafer timely appealed.

## DISCUSSION

¶4　　　　We review a grant of summary judgment *de novo* to determine whether any issue of material fact exists and whether the trial court correctly applied the law. *Cannon v. Hirsch Law Office*, *P.C.*, 222 Ariz. 171, 174, ¶ 7 (App. 2009). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(a). In our review of summary judgment, we view evidence and reasonable inferences in the light most favorable to the non-moving party. *Wells Fargo Bank v. Ariz. Laborers Local No. 395 Pension Trust Fund*, 201 Ariz. 474, 482, ¶ 13 (2002).

¶5　　　　Shafer argues the trial court erred in granting summary judgment on her theories of mode of operation and *res ipsa loquitur*. She also argues the court erred in denying her request for a spoliation instruction. For the following reasons, we affirm the trial court's judgment.

2

## I.     The Mode of Operation Rule Is Inapplicable.

**¶6**        "A business proprietor has an affirmative duty to make and keep [its] premises reasonably safe for customers. However, a proprietor who is not directly responsible for a dangerous condition is not liable simply because an accident occurred on [its] property." *Chiara v. Fry's Food Stores of Ariz., Inc.*, 152 Ariz. 398, 399 (1987) (citation omitted).

**¶7**        A plaintiff suing a place of business for negligence traditionally must show the proprietor failed to act reasonably after having notice of a dangerous condition. *Id.* at 400. Under the mode of operation rule, however, "the plaintiff is not required to prove notice if the proprietor could reasonably anticipate that hazardous conditions would regularly arise." *Id.* Under this theory, liability may attach if there is a "likelihood that certain hazardous conditions will recur as a result of the particular method of doing business." *Bloom v. Fry's Food Stores, Inc.*, 130 Ariz. 447, 451 (App. 1981); *see also Contreras v. Walgreens Drug Store No. 3837*, 214 Ariz. 137, 139, ¶ 9 (App. 2006) ("It is insufficient . . . to demonstrate that spills of some kind regularly occur; the business must be able to reasonably anticipate that a condition hazardous to customers will regularly occur."). Thus, Shafer did not have to prove that Walgreen had notice of the particular hazard that injured her if she could show Walgreen could reasonably anticipate that hazardous conditions would regularly arise from its method of doing business.

**¶8**        In *Chiara*, the Arizona Supreme Court examined the mode of operation rule in the context of hazards caused by the customers of a business, and determined that the rule "is of limited application because nearly every business enterprise produces some risk of customer interference." *Chiara*, 152 Ariz. at 400–01. The *Chiara* court noted that if the mode of operation rule applied "whenever customer interference was conceivable, the rule would engulf the remainder of negligence law" and "[a] plaintiff could get to the jury in most cases simply by presenting proof that a store's customer could have conceivably produced the hazardous condition." *Id.* at 401. Thus, the rule applies only "when a business can reasonably anticipate that hazardous conditions will regularly arise." *Id.* at 401.

**¶9**        Shafer argues she offered evidence that Walgreen employees knew customers opened products and put them back on the shelves, thereby creating a hazardous condition for other customers, including Shafer.

¶10　　　　In *Contreras*, the plaintiff slipped on liquid on the floor of a store, and the store manager testified that liquid spills occurred "a couple" of times per week. *Contreras*, 214 Ariz. at 139, ¶9. The *Contreras* court held that the evidence presented was insufficient to demonstrate spills regularly occurred in a manner that enabled the business to "reasonably anticipate that a condition hazardous to customers will regularly occur." *Id.* at 139–40, ¶9, ¶12.

¶11　　　　Here, as Shafer asserts, Walgreen employees testified that customers regularly opened products and put them back on the shelves. However, as in *Contreras*, the record lacks evidence that Walgreen could reasonably anticipate that a hazardous condition would regularly occur as a result. *Id.* at 139, ¶9. In fact, Walgreen employees testified that other than Shafer's injury, the only other known injuries in the store occurred during two unrelated events, one when a customer tripped over a rug coming through the front door and another when a child had a seizure. The mere fact that customers open products and put them back on the shelves is not sufficient for a reasonable jury to conclude that a hazardous condition would regularly occur. *Id.* at 140, ¶12. Thus, the trial court correctly determined that the mode of operation theory is inapplicable.

## II.　*Res Ipsa Loquitur* **Does Not Apply.**

¶12　　　　Shafer contends *res ipsa loquitur* applies and defeats summary judgment. As an initial matter, Shafer argues that the trial court's failure to specifically address her *res ipsa loquitur* argument in its ruling requires this Court to remand the matter. We disagree. We will affirm entry of summary judgment if correct for any reason supported by the record, "even if not explicitly considered by the superior court." *KB Home Tucson, Inc. v. Charter Oak Fire Ins.*, 236 Ariz. 326, 329, ¶ 14 (App. 2014) (citation omitted).

¶13　　　　*Res ipsa loquitur* allows the trier of fact to infer negligence if an accident occurs that does not normally occur when due care is exercised. *Brookover v. Roberts Enterprises, Inc.*, 215 Ariz. 52, 57, ¶ 19 (App. 2007). The doctrine requires a plaintiff to demonstrate (1) the accident is of a kind that ordinarily does not occur in the absence of negligence, (2) the accident was caused by an agency or instrumentality subject to the control of the defendant, and (3) the plaintiff is not in a position to show the circumstances that caused the agency or instrumentality to operate to its injury. *Id.* at 57–58, ¶ 19. The trial court may grant summary judgment to the defendant if any one of these three elements is not present. *Ward v. Mount Calvary Lutheran Church*, 178 Ariz. 350, 354 (App. 1994).

¶14 We focus on the first element, under which the plaintiff must show through common knowledge or expert testimony that the probabilities weigh heavily in favor of negligence causing the incident. *Brookover*, 215 Ariz. at 58, ¶ 20; *see also Capps v. Am. Airlines, Inc.*, 81 Ariz. 232, 234 (1956) ("The doctrine applies only where the physical cause of the injury and the attendant circumstances indicate such an unusual occurrence that in their very nature they carry a strong inherent probability of negligence . . . ."). Shafer argues that because Walgreen checked the entire store for damaged products only in the evening, it was highly probable Walgreen's negligence caused her injury. But there was no evidence that the purpose of Walgreen's nightly inspections was to prevent injuries like the one that occurred here, or that opened packages through which heavy items could fall was a known danger that could have been averted through more frequent inspections. Further, there was no evidence that opened packages generally result in injury to customers, or that a store owner acts negligently by not inspecting packages more frequently. *Res ipsa loquitur* therefore does not apply. *See Faris v. Doctors Hosp., Inc.*, 18 Ariz. App. 264, 270 (1972) (*res ipsa loquitur* does not apply "where there is no evidence that a negligent act of the appellees is more likely to cause the injury than any other possible cause"). We thus conclude that the trial court properly granted summary judgment to Walgreen.

## III. The Issue of a Spoliation Instruction is Not Relevant at Summary Judgment.

¶15 Shafer argues the trial court erred in declining to give a spoliation instruction as a result of Walgreen's failure to produce the air freshener packaging. Shafer fails to cite any legal authority and includes only a single citation to the record in support of her spoliation arguments, in clear violation of Arizona Rule of Civil Appellate Procedure ("ARCAP") 13(a)(7). Failure to include references to the record and citation to legal authority is, as a general matter, insufficient to preserve an issue on appeal. *Flood Control Dist. Of Maricopa Cty. v. Conlin*, 148 Ariz. 66, 68 (App. 1985); *Joel Erik Thompson, Ltd. v. Holder*, 192 Ariz. 348, 351, ¶ 20 (App. 1998). As such, Shafer has not properly preserved her spoliation claim.

¶16 Even assuming Shafer properly preserved this claim, it is unclear how Shafer's argument is relevant in the context of summary judgment. She does not argue that alleged spoliation alters the parties' summary judgment burdens. In any event, the issue of spoliation of evidence does not go to whether Walgreen was aware that a dangerous condition regularly occurred. Accordingly, Walgreen's failure to produce the air freshener packaging does not provide a basis for relief.

## CONCLUSION

**¶17** We affirm summary judgment and award Walgreen its taxable costs incurred on appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA