NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CHRIS CARMINUCCI, et al., *Plaintiffs/Appellants,*

*v.*

TRIMARK YUMA HOSPITALITY II, LLC, et al., *Defendants/Appellees.*

No. 1 CA-CV 23-0427
FILED 06-06-2024

Appeal from the Superior Court in Maricopa County
No. CV2021-001139
The Honorable Scott A. Blaney, Judge

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART**

COUNSEL

Ahwatukee Legal Office, PC, Phoenix
By David L. Abney
*Co-Counsel for Plaintiffs/Appellants*

Yearin Law Office, Scottsdale
By Donald G. Yearin
*Co-Counsel for Plaintiffs/Appellants*

Holloway Odegard & Kelly, PC, Phoenix
By Ryan P Toftoy
*Counsel for Defendants/Appellees Yuma Hotel Group, II, LLC and Sunridge
Properties, Inc.*

Koeller, Nebeker, Carlson & Haluck LLP, Phoenix
By William A. Nebeker, John M. Sticht
*Counsel for Defendant/Appellee Trimark Yuma Hospitality II, LLC*

---

**MEMORANDUM DECISION**

Chief Judge David B. Gass delivered the decision of the court, in which Presiding Judge Anni Hill Foster and Judge Randall M. Howe joined.

---

**G A S S**, Chief Judge:

**¶1**       Chris Carminucci was a hotel guest injured when a shower grab bar pulled away from the wall when he entered the shower in his room. The failure of the shower grab bar caused him to fall, resulting in serious injuries. Because of his fall, Mr. Carminucci and his wife sued several entities for damages.

**¶2**       The superior court granted summary judgment in favor of three of those entities: (1) the current owner, (2) the previous owner, and (3) the previous owner's management company.[1] The Carminuccis appeal.

**¶3**       Based on the duty the current owner owed Mr. Carminucci, we reverse summary judgment in the current owner's favor. We affirm summary judgment in favor of the previous owner and its management company. We remand to the superior court for further proceedings consistent with this decision.

## FACTUAL AND PROCEDURAL HISTORY

**¶4**       When reviewing an order granting summary judgment, this court views the facts in the light most favorable to the non-moving party. *Andrews v. Blake*, 205 Ariz. 236, 240 ¶ 12 (2003).

---

[1] The current owner is Trimark Yuma Hospitality II, LLC. The previous owner is Yuma Hotel Group II, LLC. The previous owner's management company is Sunridge Properties, Inc. In January 2019, Yuma Hotel sold the hotel to Trimark Yuma Hospitality LLC and Trimark IX, LLC. At some point before Mr. Carminucci's fall, Trimark Yuma Hospitality II, LLC acquired Trimark Yuma Hospitality LLC's interest in the hotel. Trimark IX, LLC is not a party to this appeal.

**¶5**             In January 2020, Mr. Carminucci stayed at the hotel. The first time he got into the shower, he put his hand on the grab bar to pull himself in. The top of the grab bar came loose from the wall, causing him to fall backward and be injured. For purposes of this appeal, the parties do not dispute the grab bar constituted an unreasonably dangerous condition.

**¶6**             The relationships between the relevant parties control the outcome of this appeal. The previous owner owned the hotel for about 15 years, from its 2004 construction through January 31, 2019. During that time, the previous owner had a management company to run the hotel.

**¶7**             In January 2019, the previous owner sold the hotel, and the current owner took "as is" title when the sale closed. The current owner's general manager also had operated the hotel for the previous owner's management company.

**¶8**             Mr. Carminucci was injured about a year after the previous owner sold the hotel. The Carminuccis brought negligence and premises liability claims against various parties, including the current owner, the previous owner, and the previous owner's management company. The current owner separately moved for summary judgment. The previous owner and its management company jointly moved for summary judgment. The superior court granted both motions.

**¶9**             This court has jurisdiction over the Carminuccis' timely appeal under article VI, § 9, Constitution of Arizona, and A.R.S. §§ 12-120.21.A.1 and -2101.A.1.

## DISCUSSION

**¶10**             The superior court must grant summary judgment if a moving party shows "there is no genuine dispute as to any material fact" and it is "entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a); *see also Orme Sch. v. Reeves*, 166 Ariz. 301, 305 (1990). Summary judgment is appropriate when a nonmoving party produces either no supporting facts or supporting facts with "so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by" the nonmoving party. *Orme School*, 166 Ariz. at 309.

**¶11**             When reviewing a superior court's grant of summary judgment, this court "must determine *de novo* whether . . . any genuine issues of material fact [exist] and whether the [superior] court erred in applying the law." *Bothell v. Two Point Acres, Inc.*, 192 Ariz. 313, 316 ¶ 8

(App. 1998). This court may affirm summary judgment if the superior court "was correct in its ruling for any reason." *KCI Rest. Mgmt. LLC v. Holm Wright Hyde & Hays PLC*, 236 Ariz. 485, 488 ¶ 12 n.2 (App. 2014) (cleaned up).

**¶12** The elements of a negligence claim are: "(1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *Gipson v. Kasey*, 214 Ariz. 141, 143 ¶ 9 (2007). The first element, whether a defendant owes a duty to conform its conduct to a certain standard of care, is an issue of law for the court to determine. *Dinsmoor v. City of Phoenix*, 251 Ariz. 370, 373 ¶ 14 (2021). The second issue, which encompasses the specific contours of what standard of care satisfies the defendant's duty, is a fact issue for the jury. *See Gipson*, 214 Ariz. at 143 ¶ 10 (quoting *Coburn v. City of Tucson*, 143 Ariz. 50, 52 (1984)). Even so, the superior court may grant summary judgment if no reasonable jury could conclude a party breached the standard of care. *See Patterson v. Thunder Pass, Inc.*, 214 Ariz. 435, 438 ¶ 10 (App. 2007) (quoting *Gipson*, 214 Ariz. at 143 ¶ 9 n.1).

**I.** **Because evidence shows the current owner's preventive maintenance inspections of the shower grab bars may not have complied with industry or brand standards, a jury must decide whether the current owner had constructive knowledge of the shower grab bar's unreasonably dangerous condition.**

**¶13** To establish negligence, a business invitee must prove more than the mere occurrence of a fall on a business's premises. *Contreras v. Walgreens Drug Store No. 3837*, 214 Ariz. 137, 137–38 ¶ 7 (App. 2006). A business invitee also must prove either the unreasonably dangerous condition causing the fall resulted from the business owner's acts or the business owner had actual or constructive knowledge of the unreasonably dangerous condition. *Id.* An owner has constructive knowledge of an unreasonably dangerous condition if that condition exists for so long the owner in the exercise of ordinary care should have learned of the condition and acted to remedy it. *Id.*

**¶14** Expert opinions about industry and brand standards are evidence a jury may use to help determine the relevant standard of care. *See Gilbert Tuscany Lender, LLC v. Wells Fargo Bank*, 232 Ariz. 598, 602–03 ¶ 21 (App. 2013) ("[I]ndustry practice addresses primarily whether there has been a breach of duty" (citation omitted)); *Shepherd v. Costco Wholesale Corp.*, 250 Ariz. 511, 517 ¶ 29 (2021) (holding a company's policy may not establish a duty but may inform the standard of care and collecting cases so holding

as to company policies and administrative regulations). Thus, a business invitee may use evidence of an owner's failure to meet an industry or brand standard of care to establish the owner's constructive knowledge of an unreasonably dangerous condition. *Cf. Ponce v. Parker Fire Dist.*, 234 Ariz. 380, 385 ¶¶ 19–20 (App. 2014) (discussing applicability of internal standards to fact question of standard of care).

¶15        The parties do not dispute the current owner had a duty to Mr. Carminucci as a landowner to its invitee. *See McMurtry v. Weatherford Hotel, Inc.*, 231 Ariz. 244, 252 ¶ 23 (App. 2013); *Stephens v. Bashas' Inc.*, 186 Ariz. 427, 430 (App. 1996). The dispute is whether the current owner breached the applicable standard of care, which is a fact question for a jury. *See Gipson*, 214 Ariz. at 143 ¶ 10. But if the Carminuccis provided no factual evidence to support the fact question, summary judgment is appropriate. *Orme School*, 166 Ariz. at 309.

¶16        The Carminuccis argue the current owner had constructive knowledge of the shower grab bar's unreasonably dangerous condition. And they argue the current owner's constructive knowledge is a fact issue for the jury, not a legal issue for the superior court.

¶17        The Carminuccis' standard-of-care expert addressed industry and brand standards of care for the inspection of shower grab bars, including the frequency of those inspections. The expert said "industry or brand standards" require quarterly inspections. The expert reviewed the hotel's records, and based on that review, the expert said the current owner did not meet the quarterly standard. Instead, during the more than eleven months before Mr. Carminucci fell, the expert said the current owner performed no preventive maintenance inspections of the shower grab bars in the room where Mr. Carminucci was injured. The expert also said the last preventive maintenance inspection was fourteen months before Mr. Carminucci's fall.

¶18        The Carminucci's standard-of-care expert did not stop there. The expert said before the sale, the previous owner and its management company inspected the shower grab bars just twice a year, not quarterly. The expert also said the current owner's general manager was the same person who managed the hotel for the previous owner's management company "and the 2019 and following brand audits showed a continuation of [the earlier] failed [inspection] standard."

¶19        The current owner did not contest the expert's characterization of the records. And the current owner points to no evidence contravening the expert's identification of industry or brand

standards and the relevance of those standards, or the current owner's failure to meet those standards based on the hotel records. Instead, the current owner argues it met the standard of care. For evidence, the current owner argues "housekeeping and maintenance staff regularly inspected and used the shower grab bars when cleaning both the bars and the showers" and points to the lack of any complaints or reports of shower grab bar problems. But even then, the current owner just cites deposition testimony evidencing the housecleaners' use, not inspection.

¶20        The current owner also argues it performed preventive maintenance on all rooms approximately every 90 days. It supports that assertion with a maintenance engineer's deposition testimony: "It depends on what work I have to do. Sometimes you get finished in three months; sometimes it will take you more than three months. But that's my goal is to finish every room in three months, but it doesn't usually always happen."

¶21        At bottom, the parties dispute whether the current owner met the applicable standard of care. If the jury finds the current owner did not, the jury could go on to find the current owner had constructive knowledge of the grab bar's unreasonably dangerous condition. That dispute is not amenable to summary judgment because it presents a case-specific fact issue. *See Gipson*, 214 Ariz. at 143 ¶ 10.

¶22        We thus vacate the grant of summary judgment in the current owner's favor. Based on that ruling, we need not address the Carminuccis' mode-of-operation and *res ipsa loquitor* arguments because they are moot.

**II.    The superior court did not err when it granted summary judgment in favor of the previous owner and its management company for the injuries Mr. Carminucci suffered about a year after the previous owner sold the hotel.**

¶23        In contrast to his relationship with the current owner, Mr. Carminucci was not an invitee of the previous owner or its management company when he grabbed the bar and fell. The previous owner sold the hotel to the current owner about a year earlier. The previous owner's management company stopped managing the hotel at the same time. At that point, the previous owner and its management company had no ownership interest in or possession of the hotel, had no responsibility for its maintenance or management, and could not control Mr. Carminucci's access to it.

¶24        With few exceptions, a land seller is not liable for physical harm to the buyer or the buyer's invitees from dangerous conditions, even

if the conditions existed at the time of sale. *See* Restatement (Second) of Torts ("Restatement") § 352; *Fehribach v. Smith*, 200 Ariz. 69, 71 ¶ 8 (App. 2001) (recognizing adoption of Restatement section). Because no exception applies, the sellers did not owe Mr. Carminucci any duty.

¶25        The Carminuccis argue two exceptions to this black letter law. First, they argue the previous owner and its management company voluntarily assumed a duty for third-party tort claims in the purchase agreement. Second, they argue those entities are liable because they knew the hotel's grab bars were an unreasonably dangerous condition when the previous owner sold the hotel.

> **A.    The previous owner and its management company did not voluntarily assume a duty for third-party tort claims arising after the current owner took possession of the hotel.**

¶26        On this point, the issue is one of duty. The Carminuccis argue the previous owner and its management company waived any common-law defense against liability to the Carminuccis because of a third-party liability term in the purchase agreement. That third-party liability term reads:

> **Hotel Employees and Hotel Employee Liabilities.** . . . Seller shall be liable for . . . all liabilities *and* Hotel Employee Liabilities through the date of closing. "Hotel Employee Liabilities" shall mean all obligations and liabilities . . . with respect to Hotel Employees . . . . Seller shall *also* remain liable for any third party tort claims that arise out of events occurring prior to the Closing Date during Seller's ownership of the Property. The provisions in this Section shall survive closing.

(Italics added).

¶27        The Carminuccis argue the third-party liability term establishes a voluntary assumption of a duty for their third-party tort claims because the Carminucci's claims arose out of an event "occurring prior to the Closing Date." To that end, the Carminuccis argue the "event" was the allegedly faulty installation of the grab bar, not the grab bar's failure during Mr. Carminucci's stay at the hotel more than a decade after the hotel's construction was complete and almost a year after the previous owner sold the hotel to the current owner.

**¶28** In response, the previous owner and its management company make several arguments. For one, they argue the third-party liability clause does not apply to the Carminuccis' claims because the "event" was the grab bar's failure during Mr. Carminucci's stay. We agree. We thus need not address the other arguments.

**¶29** This court interprets contract terms *de novo*, giving no deference to the superior court's interpretation. *VEREIT Real Estate, LP v. Fitness Int'l, LLC*, 255 Ariz. 147, 152 ¶ 11, (App. 2023). "A general principle of contract law is that when parties bind themselves by a lawful contract, the terms of which are clear and unambiguous, a court must give effect to the contract as written." *Id.* (quoting *Grubb & Ellis Mgmt. Servs., Inc. v. 407417 B.C., L.L.C.*, 213 Ariz. 83, 86 ¶ 12 (App. 2006) (cleaned up)).

**¶30** The third-party liability term extends the previous owner's liability for claims arising out of "events occurring prior to" the closing date and the current owner's possession of the hotel. The Carminuccis' claims arise out of the "event" of Mr. Carminucci's fall when the grab bar failed. The "event" of the grab bar's installation—and indeed the building of the hotel more than a decade earlier—is too attenuated from the actual grab-bar failure and Mr. Carminucci's fall to be understood as the "event" out of which the Carminuccis' claims arise.

**¶31** The Carminuccis' suggested interpretation would require the previous owner to indemnify the current owner against all third-party tort claims for all time because all injuries at the hotel could be said to have "arisen from" the building of the hotel. *Cf. Burkons v. Ticor Title Ins. Co. of Cal.*, 168 Ariz. 345, 350 (1991) (rejecting proposed contract interpretation in part because no rational property seller would agree to such a term). As in *Burkons*, no rational seller would agree to such a term here. *See id.*

**¶32** At bottom, the superior court did not err when it granted summary judgment against the Carminuccis based on their theory of third-party liability under the purchase agreement. And we can affirm the superior court's decision if it is correct for any reason. *See KCI Rest.*, 236 Ariz. at 488 ¶ 12 n.2. As the superior court found, "by using the phrase 'claims that arise out of events occurring prior to the Closing Date,' [the parties] intended to place responsibility on [the sellers] for injuries sustained or damages incurred prior to the sale." The purchase agreement did not place responsibility on the previous owner and its management company for torts arising out of events occurring after the sale closed. And the purchase agreement provides no other support for imposing liability on those entities for the Carminuccis' claims.

**B.** **Because the Carminuccis offered no evidence the previous owner and its management company knew or had reason to know of any unreasonably dangerous condition of the current owner's grab bars, the superior court did not err when it granted summary judgment in those entities' favor.**

**¶33** The Carminuccis alternatively argue the previous owner and its management company may be liable for the Carminuccis claims because the grab bar constituted an unreasonably dangerous condition and the previous owner failed to disclose that condition to the current owner. Under this theory, those entities' liability would arise only if, among other conditions, they had reason to know of the condition. *See* Restatement § 353. Having "reason to know" means the vendor "has information from which a person of reasonable intelligence, or [the vendor's] own superior intelligence, would infer that the condition exists, or would govern [its] conduct on the assumption that it does exist . . . ." Restatement § 353 cmt. c.

**¶34** The Carminuccis argue whether those entities had reason to know of the grab bar's allegedly unreasonably dangerous condition is a question for the jury to resolve. The Carminuccis are correct as far as they go, but their truncated analysis falls short. The Carminuccis must establish a material fact issue about the previous owner's and its management company's reason to know. The Carminuccis point to no evidence in the record from which a jury could infer those entities knew or had reason to know the grab bars presented an unreasonably dangerous condition.

**¶35** The Carminuccis do not argue those entities had information from which they could infer an unreasonably dangerous condition. Rather, the Carminuccis point to the declarations of their experts and argue those entities should have had that information. Those experts say:

- The previous owner and its management company "*could have* readily seen that the installation of the subject shower bar violated the standard of care" when the hotel was under construction; and

- "[E]ven the most cursory testing of the shower bar . . . *would have*" "immediately" revealed its "negligent and shoddy installation."

**¶36** The Carminuccis also argue their expert declarations show the previous owner and its management company failed to inspect the grab bars properly when they owned and managed the hotel. But whether those entities inspected or met any duty of care as owners and possessors of the hotel before the previous owner sold it was not before the superior court. The Carminuccis' claims did not arise when the previous owner and its

management company owned and possessed the hotel. Any evidence those entities fell short of the standard of care as hoteliers is irrelevant to their liability for tort claims arising after they transferred the hotel ownership and possession to the current owner.

¶37 The previous owner and its management company presented business records and personal declarations describing years of employee and guest experience using the grab bars throughout the hotel without incident, indication of failure, or faulty installation. And unlike the current owner, those entities did not owe the current owner's future guests any duty to inspect.

¶38 As a final point on this issue, the Carminuccis argue the previous owner and its management company should be liable because, "[a] landowner who creates [an unreasonably] dangerous condition on real property is liable for the harm that invitees suffer on the land." But the Carminuccis offer no independent basis for holding those entities liable beyond the Restatement's common-law rule of seller liability under section 353. Beyond that rule, Arizona law does not support a land seller's liability even if we assume the land seller created an unreasonably dangerous condition, especially when, as here, the current owner took the hotel in "as is" condition.

¶39 The superior court appropriately granted summary judgment in favor of the previous owner and its management company on the Carminuccis' claims.

## CONCLUSION

¶40 We reverse and remand the superior court's grant of summary judgment in favor of the current owner (Trimark Yuma) and against the Carminuccis. Because the Carminuccis prevailed on their appeal as to the current owner (Trimark Yuma), we grant the Carminuccis their costs on appeal against that entity once the Carminuccis comply with Rule 21, Arizona Rules of Civil Appellate Procedure.

**¶41** We affirm the superior court's grant of summary judgment in favor of the previous owner (Yuma Hotel) and its management company (Sunridge) and against the Carminuccis. Because those entities prevailed against the Carminuccis, we award those entities their costs on appeal once those entities comply with Rule 21, Arizona Rules of Civil Appellate Procedure.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV